## SENECA PETTEE *vs.* JOHN W. PEPPARD.

Suffolk.    March 31.— Sept. 8, 1876.    DEVENS & LORD, JJ., absent.

On the trial of a writ of entry, it appeared in evidence that the demandant attached the land in question as the property of A. on June 28, 1871, and afterwards duly levied thereon; that A. derived title from B., the deed containing a recital that the land was subject to a mortgage from B. to C., which A., as part consideration for the deed, was to assume and pay "as his own debt" and save B. harmless and indemnified therefrom; that A., on June 27, 1871, was appointed executor of the will of D., to whom C. had assigned the mortgage; that after the demandant's attachment, A., as executor, entered upon the mortgaged premises for breach of condition, assigned the mortgage for full value to the tenant, and used the proceeds to pay legacies; that A. included the mortgage among the assets of the estate, and, in his final account, charged himself with the full amount of the inventory. *Held,* that a ruling that, as matter of law, the mortgage was paid and satisfied, was incorrect.

WRIT OF ENTRY to recover a parcel of land in Boston. Plea, *nul disseisin.* Trial in the Superior Court, before *Pitman,* J., without a jury, who found for the demandant, and allowed a bill of exceptions, the substance of which appears in the opinion.

*A. A. Ranney & D. F. Crane,* for the tenant.

*W. F. Slocum,* for the demandant.

COLT, J.    The demandant claimed the demanded premises by levy on execution against one Appleton. The land was attached on the writ against him on June 28, 1871, and the demandant's title related back to that date.

The premises were originally subject to a mortgage, and had been conveyed by Blanchard to Appleton by deed containing a recital that the land was subject to this mortgage of the grantor which the grantee, in part consideration for the deed, was to assume and pay "as his own debt," and save the grantor harmless and indemnified therefrom.

On June 27, 1871, Appleton was appointed executor of the will of Elizabeth Batterman, the owner of the mortgage at the time of her death. In the inventory returned by him he included this mortgage as among the assets of the estate, and in his final account charged himself with the full amount of the inventory. After the demandant's attachment of the premises, Appleton, as executor, entered upon the land for breach of condition and assigned the mortgage to the tenant in this action, who offered evidence to prove that he paid full value for it, and that the proceeds were used by the executor to pay legacies.

The case was tried without a jury, and the court ruled, as matter of law upon these facts, that the mortgage was paid and discharged. The demandant contends that the acceptance of the deed above stated made Appleton responsible for the payment of the mortgage; *Pike* v. *Brown*, 7 Cush. 133; and that his subsequent appointment as executor, with the inventory and account rendered by him, operated as a payment of the mortgage. He seeks to apply the familiar rule which charges an executor or administrator with all debts due from him to the testator or intestate at the time of his appointment. *Ipswich Manuf. Co.* v. *Story*, 5 Met. 310, 313. *Chenery* v. *Davis*, 16 Gray, 89. *Leland* v. *Felton*, 1 Allen, 531. *Hazelton* v. *Valentine*, 113 Mass. 472. *Commonwealth* v. *Gould*, 118 Mass. 300.

But this case does not come within that rule. In the cases cited, the debt was directly due to the testator or the intestate from the executor or administrator; the same hand was required both to pay and to receive the money; a suit to recover it would make the same person both plaintiff and defendant. Here there was no debt at any time existing from Appleton to Elizabeth Batterman, the testatrix; her claim was solely against Blanchard, the mortgagor; and Appleton's agreement to pay and indemnify was only with Blanchard, who, if the mortgage should be paid by the land without resort to his personal liability, would have no claim against any one. It was a promise which Blanchard alone could enforce; there was no privity between Appleton and the mortgagee. *Mellen* v. *Whipple*, 1 Gray, 317. *Exchange Bank* v. *Rice*, 107 Mass. 37, 41. It was rightly inventoried as personal assets in the hands of the executor, who might maintain an action in his own name as executor

directly against the mortgagor, or proceed against the land to enforce its payment, and who is expressly empowered to sell mortgaged real estate, at any time before foreclosure, subject to the right of redemption, in the same manner as personal estate of a person deceased. Gen. Sts. c. 96, §§ 9, 12. The amount realized is of course rightly to be rendered in final account.

The rule of constructive payment relied on, where it works substantial injustice, will not be applied unless the case is brought strictly within it, as illustrated by the case of *Kinney* v. *Ensign*, 18 Pick. 232, where this court refused to apply it in favor of the purchaser of an equity of redemption. In this case, as in that, if the rule were permitted to prevail, the effect would probably be to deprive the tenant of his title acquired in good faith by the assignment of the mortgage, without remedy against the estate, or to charge the sureties of the executor with the amount, giving the whole benefit to the demandant who attached the estate as the property of the executor, and desires to hold it relieved from the Blanchard mortgage.

Upon the facts reported, the Blanchard mortgage cannot be declared paid and satisfied as matter of law.

*Exceptions sustained.*