J. E. PRENTICE *vs.* SILAS J. BRIMHALL.

Worcester.    October 2, 1877.    ENDICOTT & LORD, JJ., absent

On a promise made to the vendor by the purchaser of an equity of redemption, to assume and pay, as part of the consideration named in the deed, the mortgage on the land, no action lies by the mortgagee.

CONTRACT.   Writ dated September 27, 1875.   The declaration alleged that on April 4, 1874, William S. Hillman, in consideration of $3000, to him paid by the defendant, executed to the defendant a deed of certain real estate in Worcester, and the defendant accepted the same; that the deed contained the following clauses : " This conveyance is made subject to a mortgage for $1200, and interest since March 4, 1874, and also a mortgage for $600, which the said grantee assumes and agrees to pay and save said grantor safe and harmless therefrom." "And I do hereby, for myself and my heirs, executors and administrators, covenant with the said grantee and his heirs and assigns, that I am lawfully seised in fee simple of the granted premises, that they are free from all incumbrances except mortgages for $1800 and interest, which said grantee assumes and agrees to pay as a part of the consideration."

The declaration further alleged that the defendant retained from the purchase price of the real estate the amount of both of the mortgages, to pay the same ; that Hillman entrusted the defendant with the amount so retained by him as a trust and fund from which the notes, which the mortgages were given to secure,

were to be paid by the defendant, whereby, and by the acceptance of said trust and fund for the benefit of the mortgagees named in the mortgages, and by the terms of the deed, the defendant became liable to and promised the holders of the mortgages to pay them and the notes they were given to secure, as they might fall due; that the mortgages upon the real estate were, a mortgage from Amory Carter to Mary Spaulding, dated September 4, 1871, for $1200, and a mortgage from Hillman to Henry L. Prentice, dated March 30, 1874, to secure the payment of a note for $600, signed by Hillman, payable to the order of Henry L. Prentice in one year from date; that the second mortgage and the note secured thereby were assigned by Henry L. Prentice to the plaintiff on April 3, 1874, and that ever since that date the plaintiff has been the holder thereof; that the note secured by the first mortgage to Spaulding became due and payable on demand after the date thereof, and the defendant neglected and refused to pay it to Spaulding from the trust and fund in his hands retained by him as aforesaid, by reason whereof and by virtue of a power of sale in the mortgage, Spaulding foreclosed the same, and sold the premises at public auction for $1425, thereby selling out the second mortgage aforesaid, then held by the plaintiff, by reason of which the defendant deprived and caused the plaintiff to be deprived of said mortgage security for his note; that Hillman had long since been adjudged a bankrupt, without any assets coming to the hands and possession of his assignee; and that the note of Hillman assigned to the plaintiff, and secured by the second mortgage, is due and unpaid by the defendant, though he has often been requested by the plaintiff to pay the same; and that, by reason of the premises, the defendant owed the plaintiff the amount of the note and interest.

The defendant demurred to the declaration. The Superior Court sustained the demurrer, and ordered judgment for the defendant thereon; and the plaintiff appealed to this court.

*C. A. Merrill*, for the plaintiff. The case at bar differs from *Mellen* v. *Whipple*, 1 Gray, 317, in these respects: In that case the grantee did not assume and agree to pay the mortgage as a part of the consideration; the grantee had no money or property which in equity belonged to the plaintiff, no property being reserved by him, with his grantor's consent, to meet the mort-

gagee's claim ; the agreement to assume and cancel was a mere promise of indemnity, and the plaintiff assumed that the express promise made by the grantee of the equity to pay the mortgage, without retaining any money from the consideration with which to pay it, so far enured to the benefit of the mortgagee as to enable him to bring an action upon that express promise in his own name.

In the case at bar, the defendant expressly agreed to apply the money retained by him as a part of the consideration to the payment of the plaintiff's mortgage. The price being agreed upon, the vendor credited the vendee with the amount of the mortgages assumed, as so much money deducted and retained by the vendee to pay the mortgages, and, by consequence, the vendee paid to the vendor for the property an amount arrived at by deducting and retaining from the purchase price the amount of the mortgage. It is not real estate, but money, that the defendant deducted and retained with which to pay the mortgage. In such a case, the law raises a promise in favor of the beneficiary of the trust or fund so retained. *Dutton* v. *Pool*, 1 Vent. 318. *Martyn* v. *Hind*, Cowp. 437, 443. *Arnold* v. *Lyman*, 17 Mass. 400. *Hall* v. *Marston*, 17 Mass. 575. *Felch* v. *Taylor*, 13 Pick. 133. *Carnegie* v. *Morrison*, 2 Met. 381, 405. *Fitch* v. *Chandler*, 4 Cush. 254. *Brewer* v. *Dyer*, 7 Cush. 337, 340. *Braman* v. *Dowse*, 12 Cush. 227. *Frost* v. *Gage*, 1 Allen, 262. *Adams* v. *Adams*, 14 Allen, 65. *Putnam* v. *Field*, 103 Mass. 556. The transaction is equivalent to the payment by the grantee to the grantor of the entire consideration, and the payment back by the grantor to the grantee of a sum of money sufficient to pay the mortgage note of the grantor held by a third person.

*G. H. Ball*, for the defendant, was not called upon.

GRAY, C. J. The defendant, by accepting the deed, made a contract with his grantor to pay the amount of the mortgages upon the land granted ; but the grantor transferred no money or fund to the defendant ; and the defendant made no contract with the mortgagees or their assigns, upon which an action at law will lie. *Mellen* v. *Whipple*, 1 Gray, 317. *Exchange Bank* v. *Rice*, 107 Mass. 37. *Pettee* v. *Peppard*, 120 Mass. 522.

In *Felch* v. *Taylor*, 13 Pick. 133, and *Adams* v. *Adams*, 14 Allen, 65, in which the acceptance of a devise of land, charged

with the payment of an annuity or legacy, was held to create an implied promise upon which the annuitant or legatee could maintain an action against the devisee, the defendant had received property out of which to pay the plaintiff's claim, and had made no contract with any other person, and, at the time of the first of those decisions, there being in this Commonwealth no jurisdiction in equity of such cases, a breach of the defendant's undertaking could not have been effectually redressed in any other form than that which was sustained by the court.

*Judgment affirmed.*