THOMAS M. ROGERS & another *vs.* UNION STONE COMPANY.

Worcester. October 1, 1878; January 14. — May 10, 1879.
October 3, 1879. — April 8, 1881. FIELD, J., absent.

If A., having a contract with B. for the delivery of certain goods, gives him a written order to deliver the goods to C., which order B. accepts, C. cannot maintain an action on the contract against B., in the absence of evidence that there was a good consideration therefor between the parties to the action.

If A., who owes C., and to whom B. is indebted in an equal amount, gives C. a written order on B. for the amount, and B. does not accept the order, but orally promises to pay the amount to C., of which promise A. has no notice, C. cannot maintain an action for money had and received against B.

If evidence is admitted, against the objection of the defendant, that it is inadmissible under the pleadings, and the judge presiding at the trial, after allowing the defendant's bill of exceptions, permits the plaintiff to amend his declaration, such amendment will not be considered by this court in determining the admissibility of the evidence.

CONTRACT, in two counts. The first count alleged that the plaintiffs were the assignees in bankruptcy of a corporation named the Wood and Light Machine Company; that, before the bankruptcy, Buchanan, Ware and Company made an order upon the defendant, a copy of which was annexed, directing it to deliver certain goods, therein specified, to the Wood and Light Machine Company; that the defendant duly accepted said order, and thereby became liable to deliver to said company said goods, to the value of two thousand dollars; and that the defendant, though often requested, had failed to deliver said goods to said company, or to the plaintiffs, as their assignees in bankruptcy.

The second count, which was for the same cause of action, alleged that the defendant made an agreement in writing, a copy of which was annexed, agreeing to deliver to the Wood and Light Machine Company certain goods, therein specified, to the value of two thousand dollars; and that the defendant, though often requested, had refused to deliver said goods to said company, or to the plaintiffs, as its assignees in bankruptcy.

The copy annexed to both counts was as follows: " Worcester, January 8, 1876. Union Stone Co., Boston, Mass. Please deliver Wood and Light Machine Company, or order, two thousand

dollars in emery wheels and emery goods, hones, slips, &c. as per our order of October 20, 1875. Buchanan, Ware & Co."

Across the face of this order was written: "Two thousand dollars emery goods at our list prices. Accepted, January 8, 1876. · J. F. Wood, Treas."

Answer: 1. A general denial. 2. That the order or agreement was never presented to, or demand made upon, the defendant, and that payment was never refused. 3. That the order and agreement were given as collateral security for the payment of certain notes which had been fully paid and satisfied; and that said original claims were never possessed by the plaintiffs.

Trial in the Superior Court, without a jury, before *Aldrich*, J., who found the facts to be as follows:

Buchanan, Ware and Company signed the order declared on, and the acceptance was signed by the treasurer of the defendant corporation. On January 10, 1876, the order so accepted was delivered to the Wood and Light Machine Company, to be held by it as collateral security for the payment of five promissory notes by Buchanan, Ware and Company, and payable to their order. On January 12, 1876, the Wood and Light Machine Company filed a voluntary petition in bankruptcy. The first note was paid by Buchanan, Ware and Company, but the others are unpaid, though due. The plaintiffs made a demand on the defendant for the goods mentioned in the order, and the defendant refused to deliver the goods.

The defendant asked the judge to rule that the plaintiffs could not recover. The judge refused so to rule; and ordered judgment for the plaintiffs, for the amount of the four notes unpaid. The defendant alleged exceptions.

*F. T. Blackmer & F. W. Griffin*, for the defendant.

*F. P. Goulding*, for the plaintiffs.

ENDICOTT, J. It appears that Buchanan, Ware and Company had a contract with the defendant for the delivery of certain goods, and on January 8, 1876, they signed an order directed to the defendant to deliver to the Wood and Light Machine Company two thousand dollars in the said goods. The order was accepted by the defendant's treasurer on the same day, and, on January 10 following, was given to the company to hold as

collateral security for the payment of five promissory notes of that date, signed by Buchanan, Ware and Company.

This order was for the delivery of two thousand dollars to be paid in merchandise, and is not negotiable. *Gushee* v. *Eddy*, 11 Gray, 502. It was said by Mr. Justice Metcalf in *Sears* v. *Lawrence*, 15 Gray, 267, " The law and incidents of a bill of exchange do not attach to such an instrument."

By the acceptance merely of this order the defendant entered into no contract with the Wood and Light Machine Company. The company was no party to the contract, and if the defendant made any binding contract by accepting the order, it was with Buchanan, Ware and Company.

This case falls within the rule laid down in numerous decisions in our reports, and which is well stated in *Exchange Bank* v. *Rice*, 107 Mass. 37, " that a person who is not a party to a simple contract, and from whom no consideration moves, cannot sue on the contract, and consequently that a promise made by one person to another, for the benefit of a third person who is a stranger to the consideration, will not support an action by the latter." See also *Millard* v. *Baldwin*, 3 Gray, 484; *Field* v. *Crawford*, 6 Gray, 116; *Dow* v. *Clark*, 7 Gray, 198; *Pettee* v. *Peppard*, 120 Mass. 522; *Gamwell* v. *Pomeroy*, 121 Mass. 207; *Cottage Street Church* v. *Kendall*, 121 Mass. 528; *Prentice* v. *Brimhall*, 123 Mass. 291.

The exceptions to this rule, so far as they have been at any time recognized in this Commonwealth, are stated and discussed in *Mellen* v. *Whipple*, 1 Gray, 317, as well as in *Exchange Bank* v. *Rice*, and need not be further considered, inasmuch as the case at bar does not fall within them.

Nor do the cases of *Walker* v. *Sherman*, 11 Met. 170, *Sears* v. *Lawrence*, 15 Gray, 267, and *Eastern Railroad* v. *Benedict*, 15 Gray, 289, furnish any support to the plaintiffs. The facts in those cases distinguish them from this case.

In *Walker* v. *Sherman*, it was held that a suit could be maintained by the payee against the acceptor of an order for merchandise, upon proof that the drawer was in debt to the payee when the order was drawn, that it was given in payment of the debt, and was accepted at the request of the drawee when it was drawn; all the parties being present at the acceptance.

The fact that the order was given in payment is relied on in the opinion by Mr. Justice Wilde, as showing that the plaintiff could maintain no action except on the order; and as loss to the plaintiff, as well as benefit to the defendant, would be a good consideration, there was a sufficient consideration to support the promise. And even if it was not given in payment of the debt, yet the other facts would authorize the inference that the plaintiff agreed to forbear suing the drawer on receiving the order. It is upon this last ground that the case is cited as authority by Mr. Justice Wilde in *Johnson* v. *Wilmarth*, 13 Met. 416, 421; by Chief Justice Shaw in *Boyd* v. *Freize*, 5 Gray, 553, 555; and by Mr. Justice Bigelow in *Mecorney* v. *Stanley*, 8 Cush. 85, 88. As the payee was present when the order was accepted, the facts would have also warranted the inference of a direct promise to the plaintiff by the acceptor. There is no evidence in the case before us, that there was any agreement to forbear to sue the drawer by the payee, as the debt for which he finally took the order, as collateral security, apparently was not contracted until after the order was drawn and accepted; and, if it were, the defendant had no knowledge of the transaction. *Ellis* v. *Clark*, 110 Mass. 389.

In *Sears* v. *Lawrence*, it was held that an oral promise by the drawer of an order payable in merchandise, after he knew it had not been fulfilled, to deliver the merchandise, would not support an action. The remark of Mr. Justice Metcalf in delivering the judgment, that the plaintiff could maintain an action against the acceptor if there was a legal consideration for the acceptance, must be understood to mean, if the acceptance was made after the order passed into the hands of the plaintiff, by a promise to him. The remark, not being necessary to the decision of the case, is not so carefully limited and qualified as it would otherwise have been.

In *Eastern Railroad* v. *Benedict*, one Fuller agreed with the defendant to deliver him a quantity of goods to be paid for in the stock of a corporation, and afterwards drew his order on the defendant to give a certain number of shares to the plaintiff, and the defendant promised the plaintiff to deliver the stock accordingly, and the action was maintained. In the case at bar there was no promise to the plaintiffs by the defendant, at the

time the order was drawn or afterwards, to pay the order or deliver the merchandise. And, in the opinion of a majority of the court, the case as presented to us falls within the general rule stated in *Exchange Bank* v. *Rice.*

*Exceptions sustained.**

A new trial was had at September term 1879, before *Pitman,* J., without a jury. The plaintiffs were allowed, against

---

* A similar decision was made on May 22, 1879, in Suffolk, in the case of

ROBERT M. MORSE, JR. *vs.* EPHRAIM ADAMS & another.

ENDICOTT, J. This action is brought upon an order for the delivery of certain books, drawn in favor of the plaintiff, by W. F. Gill & Co., on the defendants, and accepted by them. The acceptance was made, while the order was in the hands of the drawers, without any communication with the plaintiff, and without any knowledge, on the part of the defendants, of the transaction between the drawers and the plaintiff. It was a promise to W. F. Gill & Co., and though in the form of a draft or bill of exchange was not negotiable, because payable in merchandise. At the time the order was delivered to the plaintiff, he had no knowledge of the arrangement between the drawers and the defendants, and did not know whether the books were in the defendants' possession.

It is immaterial what consideration for the acceptance passed between the drawers and the defendants. No act of the drawers in delivering the order to the plaintiff could give him the right to sue on it in his own name. It was a mere chose in action, the equitable title to which could be assigned, but not the legal title. The case is similar to *Rogers* v. *Union Stone Co. supra,* and is governed by the same principles. *Exceptions sustained.*

*C. P. Greenough,* for the plaintiff.

*F. S. Hesseltine,* for the defendant.

A similar decision was also made the same day, in Suffolk, in the case of

EDWIN CLEMENT & another *vs.* EDWARD B. EARLE.

CONTRACT for money had and received. At the trial in the Superior Court, before *Brigham,* C. J., it appeared that John P. Cooper, who was building a house for the defendant under a contract under seal, bought his lumber of the plaintiffs' agent, John F. Ayer. On April 10, 1875, Cooper, who then owed the plaintiffs $225, gave to Ayer the following order in writing: "Boston, April 10, 1877. Mr. Earle will please pay to J. F. Ayer, or order, two hundred dollars, and charge same to account of John P. Cooper." There was evidence tending to show that on April 10 the defendant was owing Cooper, under his contract, more than $200; that he

the defendant's objection that the same was not admissible under the pleadings, and otherwise, to put in evidence tending to show the following facts:

On or about January 8, 1876, the Wood and Light Machine Company had completed a lathe which it had been manufacturing on account and on the order of Buchanan, Ware and Company, who had employed the Wood and Light Machine Company to manufacture it in consequence of an order which

---

had that sum in his hands, then due and payable to Cooper; that he, on presentation to him by Ayer of the order at that time, orally promised Ayer that he would pay him the amount of the plaintiffs' bill against Cooper, saying that he had money enough due Cooper to do so; and that subsequently he settled with Cooper, and paid him the whole amount due him under the contract on April 10, and afterwards refused to pay the plaintiffs' bill against Cooper, or any part thereof.

The judge instructed the jury as follows: " The plaintiffs can recover upon proof only that Ayer, having sold the plaintiffs' lumber to Cooper, received from the latter, in payment for that lumber, his written order to the defendant to pay the amount of that order, and presented that order when the defendant had in his possession money due and payable to Cooper to the amount of that order, and orally promised Ayer to hold the same for the payment of that order, and, having thus promised, otherwise disposed of the money which he had promised to hold for the payment of that order.''

The jury returned a verdict for the plaintiffs for $208.80; and the defendant alleged exceptions. .

*H. E. Swasey & G. R. Swasey*, for the defendant.

*C. G. Fall*, for the plaintiffs.

ENDICOTT, J. If the defendant had accepted the draft of Cooper, and paid the same to the plaintiffs' agent, the debt of the defendant to Cooper would have been extinguished *pro tanto;* and the demand of the plaintiffs against Cooper would have been satisfied to the extent of two hundred dollars. The defendant did not accept the draft, but orally promised the plaintiffs' agent to pay him the amount of the plaintiffs' bill against Cooper. Of this agreement Cooper does not appear to have had any knowledge. It was simply a promise to pay to the plaintiffs the amount due them from Cooper, and was wholly without consideration. The defendant, not having accepted the draft, was still liable to pay his debt to Cooper; and the plaintiffs' demand against Cooper was not extinguished in whole or in part by the promise. The action for money had and received cannot, therefore, be maintained. See *Parkhurst* v. *Dickerson*, 21 Pick. 307; *Luff* v. *Pope*, 5 Hill, 413; *Liversidge* v. *Broadbent*, 4 H. & N. 603; *Rogers* v. *Union Stone Co.* and *Morse* v. *Adams, supra.* *Exceptions sustained.*

they had received from the defendant. Buchanan, Ware and Company had agreed to pay cash for said lathe; and, on January 8, Ware, of the firm of Buchanan, Ware and Company, Wood, the treasurer of the defendant, and Howland, the agent of the Wood and Light Machine Company, met in Worcester. At this interview Ware asked Howland to take the notes of Buchanan, Ware and Company for the lathe; Howland refused, but offered to take them if indorsed by the defendant. Wood objected that he had, as treasurer, no authority to indorse notes. Thereupon it was agreed between all the parties that Buchanan, Ware and Company should pay one thousand dollars in cash, and should give five promissory notes for the balance, and, to secure said notes, Buchanan, Ware and Company should draw the order in suit, and the same should be accepted by the defendant and delivered to the Wood and Light Machine Company, as security for said notes. In pursuance of this agreement, Ware drew and signed the order, and Wood signed the acceptance thereof and took it with him to Boston, upon an understanding and agreement that it was to be delivered to the Wood and Light Machine Company with the $1000 cash. In the course of a day or two, Wood sent it, in pursuance of the agreement, to the Wood and Light Machine Company. This corporation delivered the lathe to the defendant on account of Buchanan, Ware and Company, and gave to them a receipted bill for the lathe. Wood sent in the same letter enclosing the order a check for $1000, which was paid by him for and on account of Buchanan, Ware and Company. The first note was paid by Buchanan, Ware and Company.

The judge found, as a fact, that the lathe was delivered to the defendant on the faith and credit of the money payment and the notes secured by the order; that the lathe would not have been delivered if the order had not been given and accepted; and that a demand was duly made upon the defendant, which it refused to comply with.

The defendant asked the judge to rule that the plaintiffs could not recover. The judge refused so to rule, but ruled that the plaintiffs were entitled to recover for the amounts due on the last four notes, and found for the plaintiffs accordingly. The defendants alleged exceptions, which were filed on

September 12.   On the same day the plaintiffs filed a motion to amend their declaration by adding the following count:

"And the plaintiffs say that they are the assignees in bankruptcy of the Wood and Light Machine Company as alleged in the preceding counts, and before the said corporation was adjudicated bankrupt, to wit, on or about January 8, 1876, in consideration that the said Wood and Light Machine Company would deliver to the defendant a certain lathe of great value, which the said Wood and Light Machine Company had theretofore manufactured for Buchanan, Ware and Company, and which said Buchanan, Ware and Company had agreed to pay cash for on delivery, and would receive in part payment therefor certain promissory notes of Buchanan, Ware and Company, the defendant accepted and delivered to the said Wood and Light Machine Company, the order, a copy whereof is annexed to the first count of the declaration, said order having been drawn in the presence of the defendant and of said Buchanan, Ware and Company and of the said Wood and Light Machine Company, and then and there accepted as aforesaid by the defendant; and thereupon the said Wood and Light Machine Company did deliver said lathe to the defendant, on the faith and credit of said order and acceptance, and received said order as collateral security for said notes, and said notes were not paid but still remain unpaid; and thereupon, by the premises, the defendant promised to deliver to said Wood and Light Machine Company the goods mentioned in said order, yet the defendant, though often requested, refused and neglected, and still refuses and neglects, to deliver said goods to said Wood and Light Machine Company, or to the plaintiffs, to whom upon the said assignment in bankruptcy the said order and acceptance passed, and therefore a cause of action hath accrued to the plaintiffs to recover against the defendant the value of the goods described in said order."

On September 22, 1879, the judge allowed the bill of exceptions, and two days afterwards ordered that the amendment be allowed.

The case was argued by the same counsel.

BY THE COURT.   The decisions already made at a former stage of this case, *ante*, 582, and in *Morse* v. *Adams*, *ante*, 585,

note, have settled that the promise of the defendant set forth in each count of the original declaration is a promise to Buchanan, Ware and Company, and not to the Wood and Light Machine Company, and that the plaintiffs as assignees in bankruptcy of the latter cannot maintain an action upon that promise. The ruling of the presiding judge was therefore erroneous upon the case as presented at the trial. The amended declaration afterwards filed cannot be considered by this court, because it cannot make that ruling good, and the defendant has had no opportunity to answer it. *Exceptions sustained.*