LEWIS E. COFFIN, administrator, *vs.* JOSEPH ADAMS
& another.

Suffolk. March 3. — April 11, 1881. COLT, ENDICOTT & SOULE, JJ.,
absent.

A mortgagor of land, who has consented, without consideration, that the mortgagee
might bring an action at law in his name against a person who, by the terms
of a deed poll to him from the mortgagor, has promised to pay the mortgage,
may withdraw his consent, and have the action dismissed on payment of costs
to the mortgagee to the time of such withdrawal.

CONTRACT, stated in the writ, dated December 23, 1878, to
be brought in the name of the plaintiff, as administrator of
Langdon Coffin, for the benefit of the Newburyport Five Cents
Savings Bank, upon a promise of the defendants, in a deed of
land from the intestate to them, to pay a mortgage thereon.
Answer, a general denial, and payment. Trial in the Superior
Court, without a jury, at January term 1880, before *Allen*, J.,
who made the following report thereof:

On June 14, 1871, Langdon Coffin, in consideration of $2631,
conveyed to the defendants land in Newton by a deed describ-
ing the granted premises by metes and bounds, and as " subject
to a mortgage to Fanny S. Veazie for $16,000 and accrued in-
terest to this date, also to all taxes assessed for the current
year, which mortgage, interest and taxes the grantees assume
and agree to pay as their own debt." The mortgage mentioned
was given on January 2, 1871, by Langdon Coffin to Veazie, to
secure the payment of the sum of $16,000, and was assigned
on September 4, 1874, to the Newburyport Five Cents Savings
Bank; and on October 12, 1878, the bank, in execution of a

power contained in the mortgage, sold the mortgaged premises by public auction for the sum of $12,000, and on the same day took a conveyance from the purchaser for the same sum, and continued to hold under that title.

The plaintiff was the administrator of the estate of Langdon Coffin, which is insolvent. This action was brought by the bank in his name, under verbal authority from him, for which authority the bank paid no consideration, to recover the balance due on the mortgage debt.

On May 20, 1879, the administrator gave the bank and its attorneys notice in writing that this action "was commenced by you in my name, without my consent, through a misunderstanding on your part or on mine. I am informed by counsel that I cannot with safety to myself, or without damage to the estate which I represent, permit said suit to be further prosecuted, that the suit should be for the benefit of the estate of my intestate. Therefore I demand that you discontinue said suit forthwith. I forbid the further use of my name as plaintiff therein. Your taxable costs I am ready to pay."

At October term 1879, the administrator presented to the Superior Court the following petition : " Respectfully represents Lewis E. Coffin, the nominal plaintiff in the above-entitled action, that said action was brought without his consent; that the estate of his intestate is insolvent, and must be settled as an insolvent estate in the Probate Court; that the Newburyport Five Cents Savings Bank, for whose benefit said action is alleged to be brought, has refused to secure him against costs and damages that may arise from said suit; that he has long since notified said bank to discontinue said action ; that he is instructed by his counsel that he cannot with safety permit said suit to be further prosecuted. Wherefore he prays this honorable court to order said action to be discontinued, or to order said bank to execute to your petitioner a bond with sufficient sureties with condition to save him harmless and indemnify him for all loss, damage and costs that may arise or happen to him from or on account of the use of his name in said action, both in his individual capacity and as administrator of the estate of his intestate, and such other and further relief as the court shall deem meet."

On that petition, *Colburn,* J., on November 13, 1879, made the following order: " The Newburyport Five Cents Savings Bank to execute and deliver to the plaintiff within ten days from this date an agreement in writing with sufficient sureties, under seal, to save him harmless, &c., as requested. But the court does not hereby determine the question whether or not the bank has the right to maintain this action in the name of the plaintiff." The bank gave a bond in accordance with this order.

At the trial of the action, the defendants called the administrator as a witness, and offered to prove by his oral testimony that he had revoked the authority of the plaintiff's attorneys of record, and forbade the further prosecution of the action, at the same time offering to pay all costs and expenses incurred by the bank in the prosecution thereof; and moved that the action be dismissed. But the judge ruled that the evidence was not competent, and excluded it, against the defendant's exception; and found for the plaintiff in the sum of $4555.05, being the amount remaining unpaid of the mortgage debt, and ordered judgment therefor; and, by consent of parties, reserved the case to be reported to this court.

There was necessary delay in preparing the report,.and the case was continued *nisi.* At October term 1880, before a report was filed, the administrator asked to be further heard upon his petition filed at October term 1879, and for an order that the action be discontinued in accordance with the prayer of that petition, and offered the same evidence which had been offered by the defendants, and his verbal declaration in open court that he did not authorize, but forbade, the further prosecution of the action; and he asked the judge to rule that upon these facts he had a right, as matter of law, to an order upon his petition aforesaid that the action should be discontinued. But the judge declined so to rule, and ordered that petition, so far as it prayed for a discontinuance of the action, to be dismissed; and, with the consent of the parties, reported the whole case for the determination of this court.

*F. L. Hayes,* for the administrator.

*H. Baldwin,* for the defendants.

*J. Fox, (J. H. Sherburne* with him,) for the Newburyport Five Cents Savings Bank.

GRAY, C. J.   It is not doubted that in this Commonwealth an action at law upon a stipulation in a deed poll, by which the grantee assumes and agrees to pay as his own debt a previous debt of the grantor, secured by mortgage of the granted premises, can be brought in the name of the grantor only.   *Mellen* v. *Whipple*, 1 Gray, 317.   *Prentice* v. *Brimhall*, 123 Mass. 291. *National Bank* v. *Grand Lodge*, 98 U. S. 123.   *United States Mortgage Co.* v. *Hill*, C. C. U. S. Dist. Mass. May term 1879. The question presented by this case is how far the mortgagee has the right, without or against the consent of the grantor, to bring and to control such an action in the name of the latter.

The only cases in which a third person has the exclusive right to the control of an action at law are where he has acquired the whole interest of the nominal plaintiff, either by his voluntary act, as in *Foss* v. *Lowell Savings Bank*, 111 Mass. 285, or by operation of law, as in *Hart* v. *Western Railroad*, 13 Met. 99.

This mortgagee has not acquired the entire interest of the grantor in the promise of the grantee to the grantor, or in the right of action upon that promise.   The grantor has a direct interest in that promise, because, if it is broken by the neglect of the grantee to pay the mortgage debt at maturity, the grantor has an immediate right, without any notice to or interposition of the mortgagee, to sue the grantee at law upon his promise, and to recover the amount of the mortgage debt remaining unpaid.   *Furnas* v. *Durgin*, 119 Mass. 500.   *Locke* v. *Homer*, ante, 93.   *Reed* v. *Paul*, ante, 129.   He has a direct interest in the action, in the amount to be recovered, and in the control of the litigation, because he is himself liable to pay the mortgage debt to the mortgagee; and if the amount recovered by judgment and collected on execution in this action shall be less than the amount of the mortgage debt, and the amount so collected shall be paid to the mortgagee, he will still remain liable to the latter for the rest of the mortgage debt. .

There are indeed authorities, cited by the learned counsel for the mortgagee, which sustain the right of the mortgagee, upon a bill in equity for foreclosure to which the mortgagor and his grantee are both made parties defendant, to obtain the benefit of the liability of the latter on his promise to the grantor.

*Halsey* v. *Reed,* 9 Paige, 446. *Klapworth* v. *Dressler,* 2 Beasley, 62. *Crawford* v. *Edwards,* 33 Mich. 354. *Corbett* v. *Waterman,* 11 Iowa, 86. But the ground upon which those cases proceed is that in equity the mortgagee, as against his mortgagor, has the right to the benefit of any collateral security held by the latter for the payment of his debt to the mortgagee; and that a court of 'equity, having the mortgagee, the mortgagor and the grantee before it, can adjust in one suit all the rights of the parties. However that may be, they give no countenance to the theory that the mortgagee has the exclusive right, in law or equity, without bringing a suit for foreclosure, to maintain an action at law against the grantee in the name of the mortgagor without his consent; or that a court of law, when both the mortgagor and the mortgagee are interested in the cause of action, can upon summary motion, and without regular issues, determine the equities between them, and take the control of the action out of the hands of the plaintiff of record. *Crowell* v. *Currier,* 12 C. E. Green, 152, 650. *Corbett* v. *Waterman,* 11 Iowa, 89. *In re Empress Engineering Co.* 16 Ch. D. 125, 129.

The present action was originally brought in the name of Coffin, the mortgagor, by the mortgagee, under a verbal authority from Coffin, for which no consideration was paid by the mortgagee. Coffin afterwards gave notice to the attorneys of record for the plaintiff that it had been commenced under a misunderstanding, demanded that it should be discontinued, forbade the further use of his name, and offered to pay the taxable costs. He subsequently presented a petition to the court in which the action was pending to order the action to be discontinued, or to require the mortgagee to execute to him a bond of indemnity. Upon this petition, that court ordered the mortgagee to give such a bond, but without determining whether or not the mortgagee had the right to maintain the action in the name of the plaintiff. The mortgagee filed a bond in accordance with that order. After the case had been tried, and before final judgment had been entered, Coffin asked to be further heard upon his petition aforesaid, and for an order, in accordance with the prayer thereof, that the action be discontinued, and, upon these facts, claimed the right, as matter of law, to an order for such discontinuance.

We are of opinion that he is entitled to such an order, upon payment of costs up to the date of his notice to the attorneys of record of the plaintiff to discontinue the action.

*Ordered accordingly.*