FRANK L. CREESY & another, executors, *vs.* ROBERT B. WILLIS & others.

Norfolk.   March 30, 1893. — May 22, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Devise and Legacy — Petition for Instructions — Mortgage — Liability of Personal Estate for Payment of Mortgage Debt.*

A testatrix, by her will, provided as follows: "I give and bequeath to my husband, R., my household furniture, barn and house and land, . . . where we now live, outright, and the income of all my real and personal estate as long as he lives; after his death it is to be equally divided among my brothers and sister," naming them.   The will was made three days before the death of the testatrix.   Four years previously the estate described in the will was purchased by her by a deed, which named the true consideration, and recited that the estate was subject to a certain mortgage, "which the grantee is to pay, . . . being a part of the consideration of this deed."   The mortgage became due in about three months after the date of the deed.   The testatrix called upon the mortgagee, and said that she had some money coming in soon with which she would pay the mortgage, and asked that the mortgage might remain.   No

formal agreement for its extension was made by the mortgagee, but it was understood between the testatrix and the mortgagee that it might "remain" until the mortgagee desired its payment. She continued to pay interest on the mortgage while she lived, but the mortgage was not paid. *Held,* upon a petition by the executors of the will for instructions, that they ought not to pay the mortgage debt.

LATHROP, J. This is a petition in equity by the executors of the will of Lois A. Willis, asking the instructions of this court as to the construction of the will of their testatrix. From the report of the single justice who heard the case, the following facts appear.

The only clause of the will material to the questions before us is the following: "I give and bequeath to my husband, Robert Burton Willis, my household furniture, barn and house and land, No. 93 Francis St., Brookline, where we now live, outright, and the income of all my real and personal estate as long as he lives; after his death it is to be equally divided among my brothers and sister," naming them. This will was made on June 29, 1892. Mrs. Willis died on July 2, 1892; and her will has been duly admitted to probate.

The estate No. 93 Francis Street, Brookline, was purchased by Mrs. Willis of one Smyth, on April 10, 1888. The consideration named in the deed, which was the true consideration, was $11,750. The deed described the estate as subject to a mortgage, which was excepted from, and taken out of, the covenants of the deed, by the following words: "except a mortgage now thereon of $5,700, which the grantee is to pay, viz. $5,700, and save me harmless therefrom, being a part of the consideration of this deed."

There were in fact two mortgages given by Smyth; one for $700, and one for $5000, the mortgagee in each being the Brookline Savings Bank. The mortgage for $700 was paid by Mrs. Willis in her lifetime. The mortgage for $5000 became due on July 1, 1888; and about this time Mrs. Willis called at the Savings Bank, and said that she had some money coming in soon, with which she would pay the mortgage, and asked that the mortgage might remain. No formal agreement for its extension was made by the mortgagee; but it was understood between the mortgagee and Mrs. Willis that it might "remain" until the mortgagee desired its payment. Mrs. Willis continued

to pay interest on this mortgage while she lived; but the mortgage has not been paid.

1. It is well settled in this Commonwealth that a promise made by a purchaser of an equity of redemption, by accepting a deed poll from his grantor, to pay the mortgage debt, is not a promise which can be enforced by the mortgagee by an action at law in his own name, or in the name of the grantor without his consent. *Prentice* v. *Brimhall*, 123 Mass. 291. *Coffin* v. *Adams*, 131 Mass. 133.

It is contended, in behalf of the husband of Mrs. Willis, that what took place between Mrs. Willis and the mortgagee about July 1, 1888, is sufficient to constitute a contract between her and the mortgagee so as to make her personal estate liable for the mortgage debt. We do not think that the facts reported amount to more than this, that Mrs. Willis desired that the mortgage should not be foreclosed; that no formal agreement as to even this was made; that there was only an understanding that the mortgage might "remain," that is, that it would not be foreclosed, until the mortgagee desired payment. On the findings, we cannot say that there was an agreement assented to by both parties that she should be personally liable to the mortgagee.

2. The rule which requires encumbrances upon real estate to be paid from personal estate, where no other intent is expressed in the will, is confined to encumbrances created by the testator, and does not extend to cases where the testator purchased the estate subject to a mortgage. *Hewes* v. *Dehon*, 3 Gray, 205. *Andrews* v. *Bishop*, 5 Allen, 490. The same is true where there is a covenant with the vendor to pay the debt. *Tweddell* v. *Tweddell*, 2 Bro. C. C. 101, 152. *Billinghurst* v. *Walker*, 2 Bro. C. C. 604. *Butler* v. *Butler*, 5 Ves. 534. *Cumberland* v. *Codrington*, 3 Johns. Ch. 229, in which case the authorities are fully discussed by Chancellor Kent. *McLenahan* v. *McLenahan*, 6 C. E. Green, 101. *Mount* v. *Van Ness*, 6 Stew. 262.

3. We find nothing in the will which shows an intent on the part of Mrs. Willis that the mortgage debt should be paid out of the personal estate. The word " outright " seems to us to be used in antithesis to the following clause, by which the husband takes a life estate in the income of the other real and personal estate.

The result is that the petitioners are instructed that they ought not to pay the mortgage debt.

*Decree accordingly.*

*F. L. Creesy, pro se,* read the papers in the case.

*G. F. Piper,* for the residuary legatees.

*S. L. Whipple,* (*W. R. Bigelow* with him,) for Willis.