BROWN v. MESERVE.

(Circuit Court of Appeals, Seventh Circuit. January 3, 1899.)

No. 507.

1. APPEAL—RECORD IN CIRCUIT COURT OF APPEALS—ASSIGNMENT OF ERROR.

When an instruction is given which does not in terms withdraw evidence from the jury, but which regulates, controls, or forbids its application to the issues, or to particular issues, in the case, error may be assigned in the circuit court of appeals upon the instruction alone, without setting out the substance of the evidence referred to as is required by the rules where the assignment is based on the exclusion of the evidence.

2. EVIDENCE—CONSIDERATION FOR RELEASE.

By a provision of a deed, the grantee assumed a mortgage on the property conveyed. Under the law of the state, the grantor only, with whom the contract was made, could maintain an action thereon; and, even after he had given his consent to the bringing of such an action in his name for the benefit of the mortgagee, the action remained subject to his control. Pending such a suit the grantor executed to the mortgagee an assignment of all causes of action which he had against the defendant, though whether for a consideration did not appear, and afterwards executed to the defendant a release of the contract of assumption. *Held* that, on the trial, evidence offered by defendant to show a parol agreement between himself and the grantor, at the time of the delivery of the deed, that in a certain contingency, which had happened, he should not be bound by the contract of assumption, was admissible, as tending to establish an equitable and sufficient consideration for the release by the grantor, even if not competent to vary the terms of the deed.

In Error to the Circuit Court of the United States for the Northern District of Illinois, Northern Division.

S. A. Lynde, for plaintiff in error.

George Burry, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. The Episcopal City Mission recovered in the name of George W. Meserve a judgment against John B. Brown, the plaintiff in error, for the sum of $14,051.44,—an alleged deficiency remaining after foreclosure of a mortgage made to the mission on March 1, 1877, upon lot 2 Purchase street, in the city of Boston, to secure the payment of a promissory note of Meserve to the mission for $19,500. On May 4, 1877, Meserve had conveyed the mortgaged premises to Brown by a deed poll, which contained a stipulation or recital that Brown should assume and pay the mortgage. The action was brought in the name of the mission, but afterwards the name of Meserve for the use of the mission was substituted, to enforce the obligation

which Brown incurred by accepting the deed. The court sustained a demurrer to a special plea, but the matter of the plea, if a good defense, was provable under the general issue, which was joined, and the error assigned on the ruling is therefore not available.

At the time of the delivery of the deed Meserve and Brown executed a written agreement, which it is now contended amounted to a release of Brown's assumption of the mortgage; and error is assigned upon an instruction to the contrary which the court gave to the jury. That contention cannot be considered, because the record shows that in the court below counsel for the defendant disavowed any such interpretation or construction of the agreement, saying that it had no bearing upon the question.

Pending the suit, Meserve executed to the mission an assignment of all causes of action which he had against Brown, and later executed to Brown a release of the contract of assumption. The assignment and the release were put in evidence. Evidence was also offered and admitted, subject to objection and to final control by instruction, which tended to show an agreement or understanding between Meserve and Brown at the time of the delivery of the deed that in certain contingencies, which afterwards turned out as anticipated, Brown should not be bound by the contract of assumption, and that they both intended and supposed that understanding to be embodied in the written agreement then signed by them. The evidence also tended to show Meserve to be insolvent. The court instructed the jury to the effect that parol evidence was not admissible to vary the terms of the deed in respect to the contract of assumption, nor to vary the terms of the contemporaneous written agreement, and that if the whole contract of the parties "was put into the two agreements, as they say they thought it was, then those two agreements should govern the rights of the parties"; that the release made to Brown by Meserve did not constitute a defense to the action, if Meserve was insolvent at the time of its execution; and finally, that the question of Meserve's solvency at that time was the only question which the jury need consider. Error has been assigned upon these parts of the charge, but it is objected that the effect of the charge was to exclude the evidence admitted as stated, and that error should have been assigned, not upon the charge, but upon the exclusion of the evidence, setting out the substance thereof in the specification of error, as required by our rules 11 and 24 (31 C. C. A. cxlvi., cxvi.). Those rules provide also for the assignment of error upon the charge of the court, and when an instruction is given which does not in terms withdraw evidence, but regulates, controls, or forbids its application to the issues, or to particular issues, of the case, we are not willing to say that error may not be assigned upon the instruction alone, without setting out the substance of the evidence to which the instruction referred.

It is conceded that by the law of Massachusetts, where the transactions in question occurred, an action at law upon Brown's contract of assumption could be maintained only by Meserve, with whom it was made. Even after his consent to the bringing or to the prosecution of the suit in his name for the benefit of the mission, he had the

right to withdraw his consent and have the action dismissed. Coffin v. Adams, 131 Mass. 133. It does not appear that Meserve received any consideration for the assignment which he made to the mission of his demands against Brown, and if that assignment did not operate as an irrevocable transfer of the equitable rights of Meserve in the contract of assumption, as seems to have been assumed at the trial, we do not perceive on what ground the fact of his insolvency could be deemed to affect his control over the suit. His insolvency may have antedated the execution of the deed and contract of assumption. It would be more important if it had occurred after the execution of the assignment. Brown, too, may have been insolvent; and, besides, if there were equitable considerations on which the mission was entitled to recourse on Brown, should not resort have been had to a court of equity to establish and protect the right, instead of asking a court of law to control or deny on equitable grounds the recognized legal right of a plaintiff at law to prosecute or dismiss his action according to his own pleasure? Nothing, however, need be decided on these points. We assume it to be true, for the present purpose, that the court was right in holding that the parol evidence admitted could not be allowed to affect the contract of assumption as defined in the deed or the contemporaneous written agreement of the parties; but, that conceded, it does not follow that the evidence was without important significance in the case. If there was in fact a parol understanding between Meserve and Brown, which the courts could not recognize and enforce because it was inconsistent with the written agreements of the same date, the parties nevertheless had the right, in good conscience, to abide by it; and if, in fulfillment of that understanding, Meserve chose to execute the release in question, resting on that consideration the release was valid and should have been given effect. The mission acquired, and without Brown's consent could have acquired, no superior right by force of Meserve's assignment. Moreover, if the intention or understanding between Meserve and Brown was that the contract of assumption should not be binding in a certain event, and they supposed that intention to be expressed in their written agreement, but it turned out that the written agreement did not have that meaning, a court of equity probably would have decreed a reformation of the contract, and Meserve, to say the least, was at liberty to accomplish the same result by the voluntary execution of a release of the contract of assumption. The evidence was competent, and the question whether there was consideration or justification for the release in such an understanding between the parties, outside of the deed and written contract, should have been submitted to the jury. The instruction limiting the inquiry of the jury to the single question of Meserve's insolvency at the time of the execution of his assignment of his claims against Brown to the mission was erroneous. Upon the question whether evidence was admissible in behalf of Brown to show that the assignment made by Meserve to the mission was not intended to include the contract sued on, we express no opinion. The judgment below is reversed, with direction to grant a new trial.

SHOWALTER, Circuit Judge, did not participate in this decision.