# WABASH RAILROAD COMPANY
## v.
# MICHAEL S. STEWART.

*Receivers—Right of Action against—Liability of Purchaser under Consent Decree—Jurisdiction of State Court.*

1. Where a right of action existed against a receiver appointed, in foreclosure proceedings in a federal court, *held*, that under the consent decree entered in that proceeding, the liability continued against the purchaser who took possession of the property, under the decree which provided that the purchaser should pay, satisfy and fully discharge all debts and liabilities of the receivership of every kind.

2. The State court had jurisdiction to hear and determine the controversy in question unless restrained by some legal power.

[Opinion filed August 3, 1891.]

APPEAL from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding.

Messrs. GEORGE B. BURNETT and GEORGE S. GROVER, for appellant.

Mr. EGBERT PHELPS, for appellee.

HARKER, J.    This case was commenced before a justice of the peace, and upon appeal was tried by the Circuit Court without a jury.    There was a judgment entered against the appellant for $105.    It was stipulated that the Wabash, St. Louis & Pacific Ry. Co. in 1881, in building a track now owned by appellant, made a deep cut across an established highway, and in order to accommodate the public furnished a new road around the old one, through the woods and brush, over its right of way; that the Wabash, St. Louis & Pacific Ry. Co. was placed in the hands of receivers in 1884 and so remained until October, 1889, when, under a decree of the United States Court, its property was turned over to the appel-

lant, it having become a purchaser after foreclosure proceedings; that all receivers were notified of the dangerous character of the new roadway, but took no action to improve it; that on the 19th of October, 1888, while the road was in the hands of General McNulta as receiver, a horse and buggy of appellee were being driven over the new roadway, and that in attempting to pass a coming team the driver ran against a stump and upset the buggy, and that appellee's horse sustained injuries that resulted in his death.

The stipulated facts and evidence heard clearly established a valid claim against the receiver, and the judgment rendered by the Circuit Court should stand, unless the contentions of appellant that it, being subsequent purchaser of the property, is not responsible for the change in the highway, and that the Circuit Court has no jurisdiction to hear and determine the controversy, are allowed to prevail.

Appellant did not become liable by virtue of its succeeding to the property as purchaser. But under the terms of the consent decree of the United States Circuit Court for the Northern District of Illinois, above referred to, it was provided that appellant as purchaser, should "pay, satisfy and fully discharge all debts and liabilities of such receivership of *every kind* now remaining unpaid." Under that decree appellants, in taking possession of the property, assumed all liabilities of receivership; and inasmuch as the receiver would have been liable for the injury, if sued directly, it necessarily follows that the judgment in this case was correct if the court had jurisdiction.

In support of the contention that the court did not have jurisdiction, counsel for appellant cite the case of Jessup v. W., St. L. & P. R. R. Co., U. S. Cir. Ct., N. D. Ohio, to be found in Chicago Legal News of March 21, 1891. We do not understand the opinion in that case to hold that the State court has no jurisdiction. It does not deny the jurisdiction of the State courts but really recognizes such jurisdiction and only interferes by virtue of its chancery powers to prevent any further proceedings. No application was made to the United States Court which rendered the decree of October

18, 1889, to extend its chancery arm to stay further proceedings. The appellant elected to litigate the claim in the State court and unless restrained by some legal power, that court had authority to hear and determine the controversy. Appellant urges that the court erred in admitting the claim agent's letter and statements. They amounted to nothing more than denials of liability and were not at all harmful to the appellant.

Perceiving no error in the record the judgment will be affirmed.

*Judgment affirmed.*