### CLARA H. BORDEN & another *vs.* JOHN W. BOARDMAN.

Bristol.    October 24, 1892. — November 25, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Agreement to pay Third Party from whom no Consideration moves.*

In case of an agreement between two parties, upon sufficient consideration, that one will pay, out of funds in his hands belonging to the other, a specific sum to a third person who is not a party to the agreement, and from whom no consideration moves, no action lies in favor of such third party to recover the money of the party holding it. In the case in question, the third party did not claim that he could recover the sum, if it was not specific.

In case of an agreement, upon sufficient consideration, that one of the parties, A., will pay out of funds belonging to the other, B., a specific sum to a third person, C., who is not a party to the agreement between A. and B., and from whom no consideration moves, evidence is inadmissible, in bar of an action by C. to recover the money of A., that, a day or so after the time of the first payment under the agreement between A. and B., B. abandoned and broke his contract, and A. was obliged to complete the contract at a loss; and that, at the time of refusing to pay C., he, C., was told by A. that B. had broken his contract, and that on a certain date, after refusal by A. to pay C., C. commenced an action against B. to recover the claim in suit.

CONTRACT. Trial in the Superior Court, before *Braley*, J., who reported the case for the determination of this court, in substance as follows.

On July 24, 1890, Daniel J. Collins, a contractor, made a contract in writing with the defendant to build him a house in New Bedford, for the sum of twenty-six hundred and fifty dollars, payable one half when the house was ready for plastering, the balance when finished. The defendant advanced to Collins two hundred dollars before the first payment was due, taking his receipt therefor. During the progress of the work, and before the first payment became due according to the terms

of the contract, the building was blown off the foundation. Collins employed the plaintiffs, who were building movers, to put the building back, under an agreement that it should not cost more than one hundred and fifty dollars; the plaintiffs put the building back, finishing the moving a month or six weeks prior to the first payment. Collins then proceeded with the work, and got the building ready to plaster. When the time for the first payment arrived the defendant told Collins he would like to have all persons who had lienable bills against the house present to see that they were paid. The plaintiffs were not present, so the defendant asked Collins how much was due them, and was told one hundred and fifty dollars. The defendant thereupon, at the request and with the consent of Collins, reserved two hundred dollars for the plaintiffs, saying he would hold this money to pay them with, and would pay them himself. Collins thereupon gave the defendant a receipt for eleven hundred and twenty-five dollars, as first payment on the house. Neither Collins nor the defendant informed the plaintiffs of the holding of this money, but in consequence of what a third person told Manchester, one of the plaintiffs, Manchester called upon the defendant, and said to him, " I understand that you are holding my money for me for moving that building back. Is that so? " Boardman replied that it was. Manchester then said, " I am glad that you have got it and will pay it." Boardman said, " I don't know as I will now, I have been advised not to." No other interview was had between the plaintiffs and the defendant.

The defendant claimed that, upon this evidence, the action could not be maintained, and offered to show, in bar of the action, that, a day or so after the time of the first payment, Collins abandoned and broke his said contract, and the defendant was obliged to finish the building at a loss, and that at the time of refusing to pay Manchester, he, Manchester, was told by the defendant that Collins had broken his contract; and that on December 9, 1890, after refusal to pay them by the defendant, the plaintiffs commenced an action against said Collins for the recovery of the claim now in suit. The evidence was excluded. The judge directed a verdict for the plaintiffs for one hundred and fifty dollars, and interest from

the date of the writ. If the ruling was right, then judgment was to be entered on the verdict; otherwise, judgment for the defendant.

*F. A. Milliken,* for the defendant.

*E. L. Barney,* for the plaintiffs.

MORTON, J. The evidence offered in bar was rightly excluded. The subsequent failure of Collins to perform his contract would not release the defendant from the obligation, if any, which he had assumed to the plaintiffs, in the absence of any agreement, express or implied, that the money was to be paid to the plaintiffs only in case Collins fulfilled his contract. *Cook* v. *Wolfendale,* 105 Mass. 401. There was no evidence of such an agreement.

The other question is more difficult. The case does not present a question of novation; for there was no agreement among the plaintiffs, Collins, and the defendant that the defendant should pay to the plaintiffs, out of the money in his hands and due to Collins, a specific sum, and that thenceforward the defendant should be released from all liability for it to Collins, and should be liable for it to the plaintiffs. Neither was there any agreement between the plaintiffs and the defendant that the latter would pay the money to them. The conversation between one of the plaintiffs and the defendant cannot be construed as affording evidence of such an agreement. Coupled with the defendant's admission that he was holding money for the plaintiffs was his repudiation of any liability to the plaintiffs for it. Neither can it be claimed that there was an equitable assignment of the amount in suit from Collins to the plaintiffs. There was no order or transfer given by him to them; nor was any notice of the arrangement between him and the defendant given by him to the plaintiffs. *Lazarus* v. *Swan,* 147 Mass. 330. The case upon this branch, therefore, reduced to its simplest form, is one of an agreement between two parties, upon sufficient consideration it may be between them, that one will pay, out of funds in his hands belonging to the other, a specific sum to a third person, who is not a party to the agreement, and from whom no consideration moves. It is well settled in this State that no action lies in such a case in favor of such third party to recover the money so held of the party holding it. *Exchange Bank* v. *Rice,* 107 Mass. 37, and

cases cited. *Rogers* v. *Union Stone Co.* 130 Mass. 581. *New England Dredging Co.* v. *Rockport Granite Co.* 149 Mass. 381. *Marston* v. *Bigelow*, 150 Mass. 45. *Saunders* v. *Saunders*, 154 Mass. 337. Certain exceptions which were supposed to exist have either been shown not to exist, or have been confined within narrower limits. *Exchange Bank* v. *Rice*, and *Marston* v. *Bigelow, ubi supra.*

We have assumed that the sum which the defendant agreed with Collins to pay the plaintiffs was specific. But it is to be observed that the agreement between the plaintiffs and Collins was that it should not cost more than one hundred and fifty dollars to put the building back. Collins told the defendant that that sum was due to the plaintiffs. The defendant reserved two hundred dollars. It may well be doubted, therefore, whether the defendant had in his hands a specific sum to be paid to the plaintiffs, or whether he agreed with Collins to hold and pay the plaintiffs a specific sum. If the sum was not specific, the plaintiffs do not claim, as we understand them, that they can recover.          *Judgment for the defendant.*