## HENRY K. WHITE vs. MOUNT PLEASANT MILLS CORPORATION.

Bristol.   October 25, 26, 1898. — January 9, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Money Had and Received — Corporation — Contract — Action.*

A., a minor, subscribed and paid for ten shares of the capital stock of a corpora-
.tion, which never issued any certificates and never carried on the business for
which it was organized.  The subscribers to its stock voted to form a new cor-
poration, and such corporation was subsequently formed.  It was agreed between
the two corporations that the new one should pay the old one a certain sum for
all its property, and that the old one should pay back a certain part of that sum,
in consideration of which the new one agreed to issue certificates of its stock to
that amount to the subscribers for stock of the old one, each of them to have
a certificate of stock in the new one for the same number of shares paid for by
him to the old one.  These agreements, of which A. had knowledge, were fully
carried out by the two corporations, and the new corporation issued to A. a
certificate for ten shares of its stock.  He afterwards tendered back to that cor-
poration the certificate, and demanded his money.  *Held*, that he could not main-
tain an action against that corporation for money had and received.

CONTRACT, upon an account annexed, for money had and
received.   The case was submitted to the Superior Court, and,
after judgment for the defendant, to this court, on appeal, upon
agreed facts, the material parts of which appear in the opinion.

*T. F. Desmond*, for the plaintiff.

*M. R. Hitch*, for the defendant.

KNOWLTON, J.   This is an action to recover one thousand
dollars for money had and received to the plaintiff's use.   At
the trial, the plaintiff discontinued against the New Bedford
Cotton Waste Corporation, and elected to proceed against the
Mount Pleasant Mills Corporation alone.   The first mentioned
corporation was organized under the general laws, and the plain-
tiff subscribed for ten shares of its capital stock of one hundred
dollars each, and paid to the treasurer one thousand dollars, the
amount of his subscription.   On account of difficulties and mis-
understandings affecting its prospects, the officers and subscribers
to the stock of this corporation voted to form a new corporation,
to be called the Mount Pleasant Mills Corporation, with the same

amount of capital stock as the original corporation; and the new corporation was subsequently formed. At a meeting of the first mentioned corporation, votes were unanimously passed to sell all of its property to the new corporation, to wind up its affairs, and to take legal steps to procure its dissolution. It was agreed between the two corporations that the Mount Pleasant Mills Corporation should pay to the New Bedford Cotton Waste Corporation eleven thousand three hundred dollars for all its property, and that the Cotton Waste Corporation should pay back, of the eleven thousand three hundred dollars received by it, eleven thousand dollars, in consideration of which the Mount Pleasant Mills Corporation agreed to issue at par certificates of its stock to the amount of eleven thousand dollars to the subscribers for stock of the Cotton Waste Corporation who had paid in their subscriptions in full, each subscriber for stock in the Cotton Waste Corporation to have a certificate of stock in the Mount Pleasant Mills Corporation for the same number of shares paid for by such subscriber to the Cotton Waste Corporation. The amount of capital stock paid in in full to the Cotton Waste Corporation was eleven thousand dollars, which eleven thousand dollars included the amount of the plaintiff's subscription and payment. These agreements were fully carried out by the two corporations, and thereafter the Mount Pleasant Mills Corporation issued to the plaintiff a certificate for ten shares of the stock of the Mount Pleasant Mills Corporation, representing one thousand dollars. The Cotton Waste Corporation never carried on the business for which it was organized, and never issued any certificates of stock, but gave the plaintiff a receipt entitling him to ten shares of its capital stock.

At the time of all these transactions the plaintiff was under the age of twenty-one years. He had knowledge of all these agreements, and consented to them so far as he was legally capable of consenting. He has tendered back to the Mount Pleasant Mills Corporation his certificate of stock, and has demanded one thousand dollars. The only ground on which he seeks to maintain his action is that his agreements were not binding upon him, and that as a minor he ought to be permitted to recover back the money that he paid.

His first difficulty is that the defendant made no contract

with him.   The only contract under which it acted in issuing to him the certificate was made with the Cotton Waste Corporation for a consideration received from it.   Secondly, the defendant fully performed, according to its terms, the only contract that it made.   For the sum of eleven thousand dollars, paid by the Cotton Waste Corporation, it agreed to issue certificates to certain stockholders of that corporation who had paid for their °stock, and who were willing to receive stock in the new corporation instead of stock in the old.   Assuming that the plaintiff might demand back his money, and maintain an action against the Cotton Waste Corporation, he has no such right against the new corporation.   He paid no money to the new corporation, but his only payment was to the old.   His money was mingled with the other money of the Cotton Waste Corporation, and it cannot be followed as a separate payment or a distinct fund into the hands of the present defendant.   The finding for the defendant was correct.   See *Exchange Bank* v. *Rice*, 107 Mass. 37, 43; *Marston* v. *Bigelow*, 150 Mass. 45, 51; *Borden* v. *Boardman*, 157 Mass. 410, and cases cited.                    *Judgment affirmed.*