JAMES P. CLARE *vs.* GEORGE E. HATCH.

Norfolk. November 11, 1901. — January 1, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Contract,* Parties. *Set-off,* Mutual demands.

A declaration in set-off alleged, that the defendant held a judgment against a certain corporation of which he was a stockholder, that the corporation had in accordance with a vote of its stockholders assigned its only valuable asset to the plaintiff on the condition, accepted by the plaintiff, that he should assume and pay all the debts of the corporation, and that therefore the plaintiff owed the defendant the amount of the judgment. *Held,* on demurrer, that the declaration in set-off stated no cause of action at law and therefore no demand that could be set off under Pub. Sts. c. 168, § 1, and that the defendant's remedy, if any, must be by way of equitable defence or by a bill in equity. The plaintiff's promise was made to the corporation and for its benefit, and the corporation alone had a right of action at law upon the contract.

CONTRACT by one of two joint promisors of a promissory note for $1,000 against the other who had agreed to pay one half thereof, but had failed to do so, the plaintiff having been compelled to pay the whole note, to recover $500 and $30 interest thereon, with counts for money paid and an account annexed. Writ in the District Court of East Norfolk, dated August 11, 1899.

The defendant filed an answer consisting of a general denial, and also a declaration in set-off.

The declaration in set-off alleged, that the defendant held a judgment of a Pennsylvania court against the Hatch Storage Battery Company, a corporation organized under the laws of West Virginia, and having a usual place of business in Philadelphia, for the sum of $1,237.50 and costs, which judgment had

never been paid or satisfied, and that in January, 1899, at a meeting of the stockholders of that corporation at which the plaintiff was present, it was voted by the stockholders that the directors be authorized to assign to the plaintiff in consideration of the assumption by the plaintiff of the debts then owed by the company and upon the condition of such assumption, all the company's interest in a certain patent named, for improvements in secondary batteries invented by the defendant, the interest in the patent being the only property or asset of the company; that on January 25, 1899, the company, by an instrument in writing, assigned and transferred to the plaintiff the interest in the patent which the plaintiff accepted; and that thereupon and in consideration thereof the plaintiff assumed the debts of the company as his own debts, and promised to pay the same ; that the defendant at the time of the stockholders' meeting above named was a stockholder in the company, and his stock was represented at the meeting and was voted on in favor of the assignment, and that his stock, together with the remainder of the outstanding stock of the company, or a large majority of it, was on or about the date of the assignment transferred to the plaintiff, so that the Hatch Storage Battery Company had since the assignment practically become merged in the plaintiff and had wholly ceased to do business as a company, and had no assets, wherefore the plaintiff owed the defendant the sum of $1,248.37.

The plaintiff demurred to the declaration in set-off and alleged as causes of demurrer, that it did not appear from the declaration in set-off that the judgment was one that could be set off against the plaintiff in accordance with Pub. Sts. c. 168, and also, that it did not appear from the declaration that the promise to assume the debts was made in compliance with Pub. Sts. c. 78.

In the Superior Court, to which the case came by appeal, *Stevens*, J., on December 7, 1900, sustained the plaintiff's demurrer as to the first cause and overruled it as to the second cause. On February 12, 1901, *Fessenden*, J. found for the plaintiff and assessed damages in the sum of $577.13. On March 4, 1901, the defendant appealed from the judgment of the Superior Court sustaining the plaintiff's demurrer to the defendant's declaration in set-off.

*E. D. Chadwick*, for the defendant.

*W. R. Buckminster*, for the plaintiff.

HAMMOND, J.   The promise set out in the declaration in set-off was made to, and upon a consideration moving from, the corporation alone.   The defendant, although he might be benefited by the performance of the contract, was not a party to it, and he still holds the corporation upon his judgment.   Under the decisions of this court it is clear that the case comes within the general rule  that a person who is not a party  to a contract and from whom no consideration moves cannot maintain an action at law upon it.   *Mellen* v. *Whipple*, 1 Gray, 317.   *Exchange Bank* v. *Rice*, 107 Mass. 37, and cases cited.   *Borden* v. *Boardman*, 157 Mass. 410, and cases cited.

The property was not transferred to the plaintiff for the benefit of creditors, but for the benefit of the corporation in securing a promise to be made to itself, and the incidental  beneficiaries are not the defendant alone but the other creditors and the corporation itself, and the latter alone  has the right to an action at law upon the contract and to control such an action in the nature of an equitable defence or by bill in equity.

The demands are not mutual, and one cannot be set off against the other.   Pub. Sts. c. 168, § 1.   Whatever remedy, if any, the defendant has must be by way of equitable defence in the answer, or by a bill in equity.

*Demurrer sustained.*