JAMES W. TOBIN *vs.* CENTRAL VERMONT RAILWAY COMPANY.

Suffolk.    January 20, 1904. — March 31, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Railroad.    Receiver.    Jurisdiction.*

The receivers of an insolvent railroad corporation, under a decree of court, sold and conveyed all the property in their hands to a new corporation formed for the purpose, the decree providing that the purchaser should take the railroad property "subject to the lien, of any and all debts, obligations and liabilities, of the receivers." A fireman, injured while employed on a locomotive engine operated by the receivers, sued the new company for his injuries. The receivers had been discharged without having recognized the plaintiff's claim, and no permission to sue the receivers had been given by the court by which they were

appointed. *Held,* that the plaintiff had no cause of action in tort or contract against the defendant, and that if he had any equitable right to reach and apply in satisfaction of his claim property which had come to the defendant from the receivers, this court would not assume jurisdiction of it, but he must resort to the court which administered the property and by whose decree the sale to the new company was made and confirmed.

TORT OR CONTRACT, with five counts, the substance of the allegations being stated in the opinion. Writ dated April 9, 1901.

The defendant demurred to the plaintiff's declaration as amended. The Superior Court sustained the demurrer and gave judgment for the defendant. The plaintiff appealed.

*S. A. Fuller,* (*W. E. Bowden* with him,) for the plaintiff.

*E. R. Thayer,* (*J. F. Curtis* with him,) for the defendant.

BRALEY, J. In a declaration that by amendment finally contained five counts the plaintiff seeks to hold the defendant liable " in an action of tort or contract, it being doubtful to which of these classes the cause of action belongs."

The substantial allegations admitted by the demurrer state that the plaintiff, while in the employment of receivers duly appointed by the Circuit Court of the United States for the District of Vermont to take possession of and operate the line of railroad owned and controlled by the Central Vermont Railroad Company, sustained personal injuries when acting as a fireman on one of the locomotive engines then in use.

Afterwards, under a decree of the court, the receivers sold the railroad, with its equipment and property, to the defendant, and the sale was subsequently affirmed. In the decree, among other directions, it was provided, that " on confirmation of such sale, the purchaser or purchasers shall take title to the railroad and property so purchased, subject to the lien of any and all debts, obligations and liabilities of the receivers, heretofore or hereafter lawfully incurred by or under the authority of the court, or arising out of the operation of such railroad by the receivers, and subject also to the right of this court to compel payment of the purchase price in the manner hereinbefore provided."

At the time the sale was made and the title passed, the earnings from the operation of the road while in the hands of the receivers, and which had been expended by them in its equip-

ment and improvement, amounted to a larger sum than the damages demanded in this action.

No averment is made that permission to bring suit had been granted by the court having jurisdiction of the property, and by whose decree it had been sold, and it further appears that the receivers have been discharged, without having recognized or settled the plaintiff's claim.

In order to maintain an action of tort, the plaintiff must prove a wrongful act by the defendant, from which he has suffered damages to his person, but the negligence of which he complains, and that caused his injuries, was the alleged carelessness of the receivers, who at the time were acting for the court, and could not be considered as the agents or servants even of the Central Vermont Railroad Company, while it is too clear for discussion that no such relation arises between them and the defendant, a corporation organized apparently to take the property under the sale ordered by the court, and retaining the old corporate name, except that "railway" is substituted for "railroad," and neither the old nor the new company can be held to have taken by inheritance their liability to the plaintiff. *Archambeau* v. *New York & New England Railroad*, 170 Mass. 272, 273.

Their discharge by the court, of which they were officers, and under whose appointment they acted, relieves them from all personal liability of the nature described, and no action at law can now be maintained against them by the plaintiff. *Archambeau* v. *Platt*, 173 Mass. 249.

He is therefore compelled to rely on an alleged contractual right, based on the conveyance made in conformity to the decree, in order to recover in an action of contract. But if the deed of the receivers is given the effect of a deed poll, by which the grantee assumes their obligations, and agrees to perform them, the plaintiff was not a party to the transaction, and, being a stranger to the conveyance, cannot in law claim under it. *Coffin* v. *Adams*, 131 Mass. 133. *New England Dredging Co.* v. *Rockport Granite Co.* 149 Mass. 381. *Creesy* v. *Willis*, 159 Mass. 249, 251. *Clare* v. *Hatch*, 180 Mass. 194.

All that the defendant undertook, and was called upon to carry out and perform, appears to have been expressed in the

deed, and no right of recovery can be founded on the fact that it bought a property which may have been increased in value under the management of the receivers.

If it be assumed, without deciding, that the plaintiff's construction of the phrase " all debts, obligations and liabilities of the receivers " is broad enough to include his cause of action, it does not appear that his claim has ever been recognized either as to liability or by any sum as liquidated damages.    No relation arising out of any contract existed between the plaintiff and the receivers, and his right to recover, if at all, arose solely out of an alleged tort on their part.    The purchase of the property by the defendant under these conditions, and the terms of the decree, and nothing more, are not sufficient to transform the tortious act into a right sounding in contract, or to raise an implied contract that in some manner the plaintiff is to be paid compensation for his injuries by the defendant.    *Massachusetts General Hospital* v. *Fairbanks*, 129 Mass. 78.    *Brooks* v. *Allen*, 146 Mass. 201, 202.    *Borden* v. *Boardman*, 157 Mass. 410. See *Jesup* v. *Wabash, St. Louis & Pacific Railway*, 44 Fed. Rep. 663, 665.

The plaintiff, however, urges in support of his contention that in some form of action he can reach and apply the assets passed by the receivers to the defendant in satisfaction of his damages ; that the decree of sale and conveyance transferred the property subject to the receivers' liability to him, or created an equitable lien in his favor, and that he has a remedy in equity, and suggests that an amendment, changing his action at law into a suit in equity, should be allowed in accordance with R. L. c. 159, § 9.

But the extent and nature of the obligation with which the property was to be charged, and the time and manner of payment, as well as the procedure to be used to determine and enforce such a right, were all within the jurisdiction and control of the court that administered the property and marshalled the assets of the corporation, and by whose decree the sale was made and confirmed.    No other tribunal can so well interpret these decrees or pass on the rights and adjust the equities of the parties arising under them.

There is no imperative rule of law or of comity that requires

us to take jurisdiction of this litigation, which may well be remitted to the determination of the court under whose authority the original proceedings were begun, and where for this purpose they may be treated as still pending. *Howarth* v. *Lombard,* 175 Mass. 570, 573, 575. *Buck* v. *Colbath,* 3 Wall. 334, 341, 345. *Porter* v. *Sabin,* 149 U. S. 473, 479. *Byers* v. *McAuley,* 149 U. S. 608, 614.

*Judgment affirmed.*