# Vandalia Railway Company *v.* Keys, by Next Friend.

[No. 6,920. Filed March 10, 1910. Rehearing denied June 8, 1910.
Transfer denied October 7, 1910.]

1. Carriers.—*Passengers.—Negligence.— Railroads.— Receivers.—
Discharge.— Assumption of Liabilities.— Complaint.— Exhibits.—*
A complaint by a passenger against a railroad company, alleging
that he was injured by reason of the negligence of the receiver
operating such road, that such receiver was duly discharged on
petition of such company, that by an order of the court such com-
pany assumed the payment of all the liabilities against such re-
ceiver in the operation of such road, and that the plaintiff's dam-
ages constituted one of such liabilities, is sufficient without set-
ting out a copy of such order, since it is not a written instrument
within §368 Burns 1908, §362 R. S. 1881, providing that where an
action is founded upon a written instrument a copy thereof must
be made a part of the complaint. p. 355.
2. Receivers.— *Discharge.—- Assumption of "Liabilities" of.—* An
order of the court discharging a receiver and providing that the
company shall "assume and fully pay all the lawful liabilities and
obligations of said receiver," imports that such company shall
pay an existing claim for damages, caused by the receiver's negli-
gence. pp. 357, 358, 359, 360, 361.
3. Contracts.— *Words and Phrases.— "Liability."— Torts.—* The
word "liability" comprehends anything due under a contract, ex-
press or implied, or a damage caused by a breach of duty. p. 357.
4. Receivers.—*Liabilities.—*Receivers are liable in their trust ca-
pacity only for damages arising out of the conduct of the re-
ceivership business. p. 359.
5. Railroads.—*Liability for Acts of Receivers.—*A railroad com-
pany is not liable, unless by some contract, or order of court, for
the negligence of its receiver. p. 359.
6. Railroads.— *Consolidation.— Liabilities.—* A consolidated rail-
road company becomes liable for the negligence of its constituent
companies. p. 360.
7. Contracts.—*Beneficiaries.—Parties.—*At the common law a per-
son not a party to a contract could not maintain an action thereon,
but under our statute (§251 Burns 1908, §251 R. S. 1881), the
real party in interest must maintain the action. p. 361.
8. Pleading.—*Proof.—Variance.—*A plaintiff must recover accord-
ing to the allegations of his complaint. p. 362.

9. CARRIERS.—*Receivers.*— *Railroads.*— *Complaint.*— *Allegations.*— *Evidence.*—*Variance.*—In an action by a passenger against a railroad company for injuries received while the company was in the hands of a receiver, whose liabilities the company assumed upon his discharge, evidence showing that the engineer in the service of the receiver inflicted the injuries complained of, sustains the allegations, though the complaint in one allegation speaks of "the engineer * * * of said company," and in another that the plaintiff boarded one of "defendant's cars," especially where such objection was not made below. p. 362.

10. PLEADING.—*Construction.*—*Theory at Trial.*—The theory of a complaint adopted at the trial will be adhered to on appeal, and a liberal construction will be given to uphold it. p. 363.

11. RAILROADS.—*Liabilities for Acts of Receivers.*—*Court Orders.*— Where a railroad company offered, upon the filing of its petition to discharge the receiver thereof, to assume his liabilities, and the court, on granting such petition, ordered that such company assume such liabilities, and further ordered that the property be turned over to the company and that the receiver be retained only for prosecuting and defending actions brought by or against him, and for settling his accounts, and further ordered that, for the purpose of enforcing compliance with its order, the court retained jurisdiction of the cause and of the property delivered, a passenger negligently injured by such receiver may properly maintain an action therefor against the company. pp. 364, 365.

12. RECEIVERS.—*Liabilities.*—*When Arising.*—The liability of a receiver for negligence arises at the time of the commission of the negligence. p. 365.

13. RECEIVERS.—*Federal.*—*Actions Against, in State Courts.*—*Railroads.*—Receivers of railroad companies, appointed by federal courts, may be sued, in the state courts, for negligence in the operation of their roads. p. 366.

14. RAILROADS.—*Liabilities for Acts of Receivers.*—*Actions in State Courts.*—A railroad company, primarily liable for the acts of its receiver, may be sued in the state, as well as federal, court for damages caused by his negligence, both courts having jurisdiction of the subject-matter. p. 366.

15. COURTS.—*Jurisdiction.*—*Waiver of Objections to.*—Where the state and federal courts have concurrent jurisdiction over the subject-matter of an action, the failure to object to the jurisdiction of the state court waives any question thereon, on appeal. p. 367.

16. APPEAL.— *Briefs.*— *Trial.*— *Exclusion of Evidence.*— *Offer to Prove.*—Unless the brief, on appeal, sets out the evidence sought to be elicited in answer to questions to which objections were sustained, no question is presented. p. 369.

From Hendricks Circuit Court; *John C. Robinson,* Judge.

Action by Lewvearl Keys, by his next friend, against the Vandalia Railway Company. From a judgment for $2,000 on a verdict for plaintiff for $5,000, a remittitur having been filed for $3,000, defendant appeals. *Affirmed.*

*Enloe & Pattison, D. P. Williams* and *John G. Williams,* for appellant.

*George W. Brill* and *George C. Harvey,* for appellee.

RABB, J.—This was an action brought by appellee against appellant to recover damages for a personal injury. The complaint was in one paragraph. Appellant's demurrer thereto was overruled, and an answer filed, putting the case at issue. The cause was submitted to a jury for trial, and a verdict returned in favor of appellee. Appellant's motion for a new trial was overruled, and judgment was rendered on the verdict.

It is insisted, as reasons for reversal of the judgment, that the complaint is insufficient to withstand a demurrer, that the evidence fails to sustain the verdict, and that the court erred in excluding certain testimony offered by appellant. We will consider these in their order.

The complaint proceeds upon the theory that the Terre Haute and Indianapolis Railroad Company was an Indiana corporation, owning railroad property in this State, and that said company's road and other property were in the hands of and being operated by a receiver duly appointed by the federal court in a proper proceeding pending therein; that while said company's road was being so operated, appellee became a passenger on one of its trains, and while being carried as such passenger received personal injuries, which were caused by the negligent acts of the servants in charge of the train upon which he was riding, and for which injuries a right of action against the receiver, to recover damages therefor, accrued; that thereafter said Terre Haute and Indianapolis Railroad Company, and other

parties interested in the proceedings in which the receiver was so appointed, petitioned said court to turn over to said company all of said property in said receiver's hands, and discharge him from the duty of operating the road; that the court granted the prayer of the petition, and ordered the property in the hands of the receiver restored to the company, upon the express agreement by the company "to assume and fully pay all the lawful liabilities and obligations of said receiver existing at the close of business on October 31, 1904, * * * and fully exonerate and save said receiver harmless against the payment of any liabilities incurred by him," which agreement was made an order of said court, and at the date named, appellee's claim for damages on account of the injuries received was an existing liability against the receiver; that thereafter said Terre Haute and Indianapolis Railroad Company consolidated with certain other Indiana railroad companies, under the provisions of the statute governing the subject, and formed appellant company, which received all of the assets and property of the Terre Haute and Indianapolis Railroad Company.

No question is made by appellant as to the sufficiency of the complaint to show a right of action in appellee against the receiver, for negligence proximately causing the injury complained of, and we therefore treat the complaint as being sufficient in this respect.

The points urged by appellant against the sufficiency of the complaint are (1) that the action is shown to be based on a written contract, and that neither the original nor a copy thereof is made part of the complaint, as required by the provisions of §368 Burns 1908, §362 R. S. 1881; (2) that the demand here sued on, being an unliquidated claim for damages for personal injuries, arising out of a tort, was not a liability nor an obligation within the meaning of the terms of the agreement set up.

It appears from the specific averments contained in the complaint that the only contract with reference to the sub-

ject was the order of the court made on the petition of the Terre Haute and Indianapolis Railroad Company, and the acceptance of the property by the company under the order.

The order of the court was not a written instrument, within the meaning of §368, *supra,* requiring the original or a copy thereof· to be filed with the complaint, where the action is founded on such written instrument. The order of the court was a public record, in the nature of a judgment of a court of record. It was not within the possession nor under the control of appellee, and the original could not have been made part of the record. This point is therefore not well taken. *Hopper* v. *Lucas* (1882), 86 Ind. 43; *First Nat. Bank* v. *Hanna* (1895), 12 Ind. App. 240; *Everitt* v. *Bassler* (1900), 25 Ind. App. 303.

Was the obligation sued on an obligation or liability existing against the receiver, within the meaning of the agreement alleged to have been made by the Terre Haute

2.  and Indianapolis Railroad Company? The term "obligation" may be used to designate the contract itself, which confers rights and imposes duties upon the parties thereto, or it may mean duties arising out of a contract or from actionable tortious conduct. 6 Words and Phrases 4878, and cases cited. In the sense in which it was used in this case, it evidently was not intended to designate the contract itself, but the duties that were imposed on the receiver.

The word "liability" expresses in the most comprehensive manner any form of legal obligation; certainly all such as are measured by money valuation. *Pittsburgh Melt-*

3.  *ing Co.* v. *Reese* (1888), 118 Pa. St. 362, 12 Atl. 362. Liability may arise from contracts, express or implied, from duty imposed by law or the judgment of the court, or in consequence of a tort committed. 18 Am. and Eng. Ency. Law (2d ed.) 846, and authorities cited.

It is elementary that if one is guilty of negligence proximately causing injury to the person or property of another, he will have incurred a liability to the party injured, and

the facts that the liability is not admitted and that the damages are not ascertained do not affect the question of the existence of the liability, and the fact that the claims arising out of the liability are not assignable or subject to the process of garnishment is not a test of the existence of the liability. If the facts out of which the liability grows exist, the liability exists, even though it be denied by the party upon whom it rests.

Is there anything in the nature of the express agreement averred in the complaint that will justify the conclusion that the terms "lawful liabilities and obligations of said receiver," as therein used, were meant and intended by the parties in any different sense from that in which those terms are generally employed? Can the meaning of these terms, as they are alleged in the complaint to have been employed, be restricted to contractual liabilities and obligations, or obligations and liabilities that have been liquidated? Appellant contends that they should be so restricted.

In the determination of this question, we must consider as an established fact, that upon the date fixed in the order of the court—October 31, 1904—the receiver was lawfully liable to appellee for the amount subsequently determined by the verdict in this case, for an act of negligence committed by him while acting in his capacity as receiver, and that although the sum due as damages was subsequently ascertained, yet, in contemplation of the law, it was justly due and owing, and should have been paid by the receiver when the injuries were received.

From the very nature of the business in which the receiver was engaged, liabilities to passengers for injuries received, through the negligence of his servants, while said passengers were being transported over the road he was operating, were likely to occur. Valid obligations against the receiver for damages to goods and stock shipped over the road, produced by the same cause, were likely to arise. They were neces-

sarily incidental to the business in which he was engaged. *Bartlett* v. *Cicero Light; etc., Co.* (1898), 177 Ill. 68, 52 N. E. 339, 42 L. R. A. 715, 69 Am. St. 206; *Dow* v. *Memphis, etc., R. Co.* (1884), 20 Fed. 260.

The court, by the order in question, was taking all of the property, including whatever betterment it had received while in charge of the receiver, out of his hands and turning it over to the company. The receiver could not be held personally liable for demands of this character arising against him in his trust capacity, and these were liabilities that, without some provision made for their payment, could not, as a matter of law, be enforced against the company taking back the property. It did not inherit the debts and liabilities of the receiver. *Ohio, etc., R. Co.* v. *Davis* (1864), 23 Ind. 553, 85 Am. Dec. 477; *Bell* v. *Indianapolis, etc., R. Co.* (1876), 53 Ind. 57; *Indiana R. Co.* v. *Maurer* (1903), 160 Ind. 25.

It cannot be inferred that the court, by its order turning over the property in the receiver's hands to the Terre Haute and Indianapolis Railroad Company, intended to cut off and discharge liabilities against the receiver, of the character here involved. It is to be presumed that it was intended to provide for such liabilities as though they had grown out of and been incurred by contracts entered into by the receiver in connection with the business of the receivership. As before stated, they were liabilities that were as clearly incidental to the operation of the road by the receiver as were any other claims or liabilities he might or could have incurred, and were clearly within both the letter and the spirit of the agreement set up in the complaint. *Gray* v. *Grand Trunk, etc., R. Co.* (1907), 156 Fed. 736, 84 C. C. A. 392; *Thompson* v. *Northern Pac. R. Co.* (1899), 93 Fed. 384, 35 C. C. A. 357; *Wabash R. Co.* v. *Stewart* (1891), 41 Ill. App. 640.

Having determined that the order of the court imposed upon the Terre Haute and Indianapolis Railroad Company

the duty of paying appellee's demand, it follows that
6. such liability and obligation was a liability and obligation that followed the Terre Haute and Indianapolis Railroad Company and its property into, and became the obligation of, appellant company, precisely as it had been the obligation of the Terre Haute and Indianapolis Railroad Company. In this respect, plaintiff stands in the place of the Terre Haute and Indianapolis Railroad Company.

Appellant cites, in support of its contention that appellee's complaint is bad for the reasons urged against it, the case of *Tobin* v. *Central Vermont R. Co.* (1904), 185 Mass.
2. 337, 70 N. E. 431. In that case, plaintiff received a personal injury through the negligence of the servants of a receiver, who, under the order of the court appointing him, was operating a railroad, for which injury the receiver was liable in damages to the plaintiff. The receiver under a proper decree of the court sold the road to defendant. The decree of sale provided that the purchaser should take the title to the property subject to the lien of all debts and other obligations and liabilities of the receiver, arising out of the operation of the road by the receiver, and subject to the right of the court to compel payment of the purchase price. The receiver had been discharged without having recognized or settled plaintiff's claim. The court held, in deciding the case, that it was doubtful whether the action sounded in tort or on contract, and that the complaint was bad, as sounding in tort because the negligence charged was not the negligence of the defendant, but that of the receiver, for whose torts the defendant was not liable; and that the plaintiff, being compelled to rely upon a contractual right, could not maintain the action, because he was a stranger to the contract.

In Massachusetts the common-law procedure still prevails, and an action at law cannot be maintained by a stranger to a contract, though such contract was made by the parties thereto for his special benefit. *Mellen* v. *Whipple* (1854), 1 Gray 317; *Exchange Bank* v. *Rice* (1871), 107 Mass. 37, 9

Am. Rep. 1; *Borden* v. *Boardman* (1892), 157 Mass. 410, 32 N. E. 469; *Clare* v. *Hatch* (1902), 180 Mass. 194, 62 N. E. 250. In this State all distinctions between actions at law and suits in equity have been abolished, and under our code (§251 Burns 1908, §251 R. S. 1881) it is well settled, contrary to the rule in Massachusetts, that all actions must be prosecuted in the name of the real party in interest, and that one for whose benefit a contract has been made by third parties may, in his own name, sue the obligor on the contract. *Day* v. *Patterson* (1862), 18 Ind. 114; *Devol* v. *McIntosh* (1864), 23 Ind. 529; *Dunlap* v. *McNeil* (1871), 35 Ind. 316; *Miller* v. *Billingsly* (1873), 41 Ind. 489; *Campbell* v. *Patterson* (1877), 58 Ind. 66; *Stanton* v. *Kenrick* (1893), 135 Ind. 382.

The only distinctions that can be made between this case and many of those cited from this State lie in the fact that the liabilities which the Terre Haute and Indianapolis Railroad Company contracted to pay arose out of a tort, and were unliquidated, and that the promise of the company was not made to another person, but grew out of the proceedings of court, the company's petition and the court's order, and these distinctions do not affect the principle involved in the decision of the question.

It is certainly entirely competent for parties to create a contractual liability against themselves for the payment of damages, liquidated or not, arising out of either their own or other people's torts, and the obligation of the Terre Haute and Indianapolis Railroad Company to pay appellee's claim was no less binding and effective as against the company because its agreement was made in a judicial proceeding and evidenced by its petition to the court. It was an agreement founded upon a valuable consideration, and every reason that would apply, were the promise made to a natural or artificial person instead of to a court, applies to support the contract in favor of the beneficiary named therein.

The cases of *Gray* v. *Grand Trunk, etc., R. Co., supra, Thompson* v. *Northern Pac. R. Co., supra,* and *Wabash R. Co.* v. *Stewart, supra,* are directly in point in support of both propositions.

The complaint is not open to the objections urged against it.

It is insisted that the evidence is insufficient to sustain the verdict: (1) Because it fails to follow the averments of the complaint, in that the complaint avers that the injury complained of resulted from the negligence of "the engineer and agents of said company in charge of said locomotive and train," while the proof was that the engineer, whose negligent fault caused appellee's injury, was the servant of the receiver, and not of the company; (2) that the order of the court, introduced in evidence to sustain appellee's charge that the Terre Haute and Indianapolis Railroad Company expressly agreed to assume and pay all obligations sued on, affirmatively shows that appellee's demand is not within the purview of the agreement and order of court relied upon.

Regarding the first point made, there can be no question that appellant is right in the proposition that a plaintiff must recover according to the allegations of his complaint, or not at all. He will not be permitted to allege one case in his complaint and prove another by his evidence; but this was not undertaken to be done here.

The theory of appellee's case was that his injury was caused by the negligence of the receiver, and that appellant's liability therefor arose out of its acceptance of the property from the hands of the receiver, under the proceedings and order of the court imposing the liability upon the party, in whose place and stead appellant stands, to pay the damages resulting from the receiver's negligence complained of; and if the complaint was not good on this theory it was not good at all, for, notwithstanding the averment that the injury resulted from the negligence of "the engineer   *   *   *   of said company," the other specific averments of the complaint show clearly that the engineer

in question was not the servant of either the Terre Haute and Indianapolis Railroad Company or appellant, but that he was the servant of the receiver.

It is shown by the averments of the complaint that at the time the injury occurred the Terre Haute and Indianapolis railroad was being operated by the receiver, and that on that day the appellee boarded one of ''defendant's cars, operated as aforesaid,'' and that it was while riding as a passenger on this car that he received his injury. The words ''defendant's cars,'' taken in connection with the other averments of the complaint, must be and clearly were understood by all parties to mean the cars of the Terre Haute and Indianapolis Railroad Company, operated by the receiver. Since the cars were being operated by the receiver, the engineer and agents in charge thereof were necessarily the agents not of the company, but of the receiver; and although the complaint bears evidence of gross and inexcusable carelessness in its preparation, there was no room to misunderstand the theory upon which appellee claimed a right to recover. No objection was apparently taken to the complaint in the court below on account of its failing to show a liability against the receiver, and this objection is not urged here against the sufficiency of the complaint. If appellant's position on this point is well taken, then its demurrer to the complaint should have been sustained, because, as before remarked, the complaint is not sufficient to make a case, on the theory that it was the negligence of defendant which caused the injury complained of. Had such objection been pointed out in the court below, the confused and conflicting averments of the complaint could and would readily have been cured by amendment, and the objection obviated.

The cause was submitted to trial by both parties on the only theory on which it can be sustained. They took their chances to win or lose. The judgment is clearly a bar to any other action for the same cause. Such being the case, this court will go to the limit of liberality in

construing the complaint, in order to sustain it upon the theory the parties have given it, and upon which it has been tried.

The record of the federal court, introduced in evidence, shows that the property of the Terre Haute and Indianapolis Railroad Company was in the hands of a receiver appointed by the United States circuit court for the district of Indiana, in a certain suit pending therein, and that such receiver had been operating said road under the order of the court; that said Terre Haute and Indianapolis Railroad Company filed its petition in said court, in said proceedings, setting forth its solvency and ability to pay its liabilities, and offering to pay all the liabilities and obligations incurred by the receiver in operating the property of the company, and praying that the possession of all of its property and assets in the hands of the receiver, including those acquired by him, be turned over to it.

The third paragraph of the order of the court made in the premises, directed the receiver to turn over said property to said company, and further ordered said company to assume and pay all lawful liabilities and obligations of said receiver, existing at the close of business on October 31, 1904.

The sixth clause of the order was as follows: "The receiver herein, upon the surrender and delivery of the property, as hereinbefore provided, to said Terre Haute and Indianapolis Railroad Company, shall be discharged as an operating receiver, but shall be continued as a receiver, for the purpose of prosecuting and defending, as he may be advised, any and all actions brought by or against him, and which may be pending in any court at the time such surrender and delivery is made, and for the purpose of settling his accounts as such receiver."

The seventh paragraph was as follows: "For the purpose of enforcing compliance with the terms of this order, and for the adjustment and determination of all claims and rights of action by or against said receiver, the court retains jurisdic-

tion of this cause and of the property delivered and transferred by the receiver, as hereinbefore provided.''

It is the contention of appellant that when all of these clauses of the court's order in the matter under consideration are construed together, it becomes apparent that the liabilities and obligations which the Terre Haute and Indianapolis Railroad Company was required to assume and pay, referred to in the third paragraph of the order, did not include liabilities of the character here sued on; that the federal court still retains jurisdiction of the receivership and jurisdiction to determine all claims of this character against the receiver, and that the receiver was not discharged; that his official life was prolonged for the particular purpose of adjusting claims of this character, and that until such claims have been so settled and adjusted in said court they constitute no liability against the Terre Haute and Indianapolis Railroad Company or appellant company.

If there was no liability existing in appellee's favor against the receiver on October 31, 1904, none could be brought into being by any subsequent act of the court, the receiver or the appellee. Had appellee sued the receiver in the federal court, where the receivership was pending, for the damages recovered in this action, he could only recover because the receiver became liable to him at the time the injury was received—June 13, 1904.

Under clause seven of the order of the court, the court undoubtedly retains jurisdiction over the receivership and the property of the road, precisely as though the order in question had not been made, and for the express purpose of settling claims against the receiver of the character here sued on. But there is nothing in this clause of the order that in any manner tends to show that the court did not intend that the Terre Haute and Indianapolis Railroad Company should pay every dollar of such claims, just as the company proposed to do in its petition

asking for possession of the property, and as it was required to do by the third paragraph of the order of the court. The court, by paragraph seven of the order, gave to those who had such claims a means of presenting and adjusting their claims. It retained in its hands a weapon to compel their payment when adjusted.

The federal statute confers jurisdiction upon the state courts to hear and determine questions of the liability of receivers, operating railroads under appointment from 13. federal courts, for damages growing out of the negligence of such receiver's servants in operating the road, and the adjudications of the state courts, so far as settling the questions of the liability of the receiver and the assessment of damages are concerned, are binding and conclusive. *Malott* v. *Hawkins* (1902), 159 Ind. 127; *Malott* v. *Shimer* (1899), 153 Ind. 35, 74 Am. St. 278; *Gableman* v. *Peoria, etc., R. Co.* (1900), 179 U. S. 335, 21 Sup. Ct. 171, 45 L. Ed. 220; *Texas, etc., R. Co.* v. *Johnson* (1894), 151 U. S. 81, 14 Sup. Ct. 250, 38 L. Ed. 81.

Appellee might have sued the receiver in the state court to settle and determine the question of liability and damages.

These questions being once legally determined, we do not understand appellant to contend that it would not, under the terms of the order of the federal court, by virtue 14. of which, through the consolidation of the companies, it was created and came into possession of the property of the Terre Haute and Indianapolis Railroad Company, be liable for the amount adjudged against the receiver, or that it could not properly be sued therefor. This being so, it follows that as between the receiver and appellant, the appellant is the party primarily liable to pay appellee's demand, and, being primarily liable to pay said demand, no good reason is presented why it should not be sued in the first instance, and whether the suit to fix the liability and recover the damages was brought in the federal or the

state court could make no difference, as both courts have jurisdiction of the parties and of the subject-matter.

The case of *Tobin* v. *Central Vermont R. Co.* (1904), 185 Mass. 337, 70 N. E. 431, is again urged upon our attention to sustain the position that jurisdiction to settle and adjudicate appellee's claim resided exclusively in the court in which the receivership was pending. The case, however, does not sustain appellant's contention upon this point. It seems that under the practice in Massachusetts, where the supreme court affirms a decision of the lower court deciding that a plaintiff's complaint is insufficient to state a cause of action, yet, if by amendment the complaint could be made good, the court is authorized to direct that such amendment be allowed, and in the case cited it was contended by appellant that although a complaint was not sufficient at law to state a cause of action against defendant, yet that it might be so amended as to show grounds for equitable relief. The court declined to permit the amendment to be made, not on the ground that the state court did not have jurisdiction to hear and determine the case, had the amendment been permitted, but because the matters sought to be litigated, and the property out of which plaintiff's demand could be paid, were within the jurisdiction and under the control of the court appointing the receiver, and that such court could best pass on and adjust the rights and equities of the parties, and that there was no imperative rule requiring the state court to take jurisdiction of the matter, therefore, as a matter of discretion, the court declined to take jurisdiction. But here the state court has already assumed jurisdiction of this case, has tried and determined the questions and issues between the parties, and that without any objection whatever made as to the jurisdiction and authority of the court to hear and determine the matters involved. No motion was made to transfer the case to the federal court, and no application made to the federal court, in which the re-

ceivership was pending, to restrain the prosecution of the case in the state court. No question of jurisdiction, therefore, is presented in the case. It is only a question as to whether a cause of action exists against defendant upon the facts stated, and this question, we think, is squarely determined against appellant in the cases of *Gray* v. *Grand Trunk, etc., R. Co., supra, Thompson* v. *Northern Pac. R. Co., supra,* and *Wabash R. Co.* v. *Stewart, supra.*

Had appellant presented a motion to transfer the case to the federal court, where the receivership was pending, a different question would be presented; or had an application been made to the federal court to restrain the prosecution of this suit, a different question would have been presented. Then the court would have precisely such a question as was presented in the case of *Jessup* v. *Wabash, etc., R. Co.* (1890), 44 Fed. 663.

An action similar to the one here involved was instituted in the state court. The defendant in that case applied to the federal court, in which the receivership was pending, for an injunction to restrain the plaintiff in the case from prosecuting his suit in the state court, and an injunction was granted. In that case, the application for the restraining order was promptly made, upon defendant's discovery of the nature of the action. It is clearly intimated in the decision of the court that had defendant not proceeded with promptness in his application for a restraining order, upon discovering the nature of the suit, his petition would have been dismissed. The case proceeds upon the theory that the state court had power and jurisdiction to hear and determine the question that was involved, and that had the case proceeded to judgment, as here, the liability of defendant would be fixed, if the judgment was against him.

The same is true of the case of *Stewart* v. *Wisconsin Cent. R. Co.* (1902), 117 Fed. 782, to which our attention has been directed.

None of these cases, we think are in point to sustain the views of appellant.

Appellant challenges the ruling of the court below in refusing to permit its witnesses, Doctor Hicks, Doctor Ross and Mr. Ludlow, to answer certain questions propounded by appellant. What appellant expected to elicit from the witnesses in answer to the questions propounded is not shown in appellant's brief, and we do not know what precise question was presented by these rulings. Appellant states the grounds upon which he claims the court excluded the answers, but it makes no difference what reason the court assigns for its ruling, or whether it assigns any. Appellant must show that there was error in the ruling complained of. Unless we know what he expected to prove by the evidence excluded, no question is presented for our determination. If the offered evidence was properly excluded upon any ground, no error was committed. The rules of appellate procedure require appellant to set forth in his brief so much of the record as presents the point relied upon as error, so as not to require the court to dig through the transcript in search of the question that is to be determined. No reversible error is presented to us by the record.

Judgment affirmed.