Adlow, J.
Action .of contract brought by a minor to recover money paid for an automobile. The declaration is in 2 counts: Count 1 seeks recovery because of minority; Count 2 is for money had and received.
On December 19, 1938 the Atlantic Finance Co. acquired by assignment an agreement of conditional sale given by Irving Melendy to George A. O’Neil to secure the purchase price of an automobile sold by O’Neil to Melendy. On August 8, 1939, as a result of a default by Melendy, the Atlantic Finance Co. delivered the following letter to the Auto Finance Adjustment Co.
“August 8, 1939
Auto Finance Adjustment Co.,
Boston, Mass.
Gentlemen:
This is your authority to repossess from Irving W. Melendy of Spring Street, Billerica, Mass., a 1935 Chevrolet *231 Coach, Motor No. 4954131, Serial No. 2 EA03-7106, for nonpayment of past due instalments in the amount of $19.50, or collect the unpaid balance of $111.50 plus charges due to you.
Very truly yours,
Atlantic Finance Corporation.”
On the same day, one Drolet, a representative of the Auto Finance Adjustment Co., repossessed the car from Melendy. At the time of the repossession Melendy introduced Drolet to the plaintiff’s father who rode with Drolet from Billerica to the plaintiff’s home in Everett. There the plaintiff paid Drolet $121.50' and Drolet wrote across his letter of authorization “Paid in full $121.50' for ’35 Chevrolet Coach by Gr. E. McNiff. N. Drolet,” and Drolet then delivered the car and letter to the plaintiff. Prior to this, the plaintiff had negotiated with Melendy for the purchase of the car and had tried it out. At no time had the plaintiff negotiated with the defendant with respect to the car. The Auto Finance Adjustment Co. later paid to the defendant $121.50 and received $11.50 for its services. On September 22,1939 the plaintiff made a demand on the defendant for a return of his money alleging that he was a minor. The plaintiff’s birth certificate showed that he was born October 5, 1918.
The Court found for the defendant on count 1 and for the plaintiff in the sum of $121.50 on count 2, and filed the following memorandum:
“I find on the facts that the plaintiff paid over to the defendant through its agents The Auto Finance Adjustment Co., $121.50 under the mistaken impression that he was purchasing the automobile in question from the defendant and receiving a valid title to the same. That the defendant never intended to sell the automobile to the plain *232 tiff, and that the minds of the plaintiff and defendant never met and no contract was therefore ever consummated. That the plaintiff has requested a return of the said sum.”
The defendant seasonably requested the Court to rule that
1. Upon all the evidence the finding must be for the defendant for the reason that
(a) It has not shown that the defendant or its duly authorized agent sold the automobile to the plaintiff,
which the Court denied.
The Court erred in refusing to rule as requested by the defendant. Whether the plaintiff bases his claim on infancy or rescinds because of mistake his rights must depend upon proof of the defendant’s responsibility for the acts of the person with whom the plaintiff dealt. Unless the person who took the plaintiff’s money was an agent of the defendant there can be no recovery from the defendant. White v. Mt. Pleasant Mills Corp., 172 Mass. 462, Crowley v. Mutual Finance Corp., 242 Mass. 259. The peculiar circumstances of this case permit of no equivocation with respect to Drolet’s authority. The letter of August 18, 1939 created a special agency, limited in scope to the repossession of the car or the collection of the balance due upon it. It did not hold the bearer out in any other capacity. This letter was given by Drolet to the plaintiff at the time he purchased the car. Upon it Drolet had written a receipt for the money. Under these circumstances the plaintiff had full and complete notice of the extent of Drolet’s authority. One. who deals with an agent with knowledge of the limitations on the agent’s authority cannot hold the principal for acts of the agent outside those limitations. Mussey v. Beecher, 3 Cush. 511, 516-517, Rogers v. Holden, 142 Mass. 196, 198, McCarthy v. Parker, 243 Mass, 465. *233 When Drolet proceeded to sell the car to the plaintiff, after repossessing it from the conditional vendee, he acted beyond the scope of his authority, Royle v. Worcester Buick Co., 243 Mass. 143, and could be held to answer to the defendant in an action of tort for conversion. Berkshire Glass Co. v. Wolcott, 2 Allen 227, Holmes: Collected Legal Papers, p. 86. Nor is the situation altered by the fact that the money was paid over to the defendant. In the absence of proof indicating that the defendant knew of Drolet’s arrangement with the plaintiff there could be no ratification, and the receipt of the money by the defendant could be shown in mitigation of damages with respect to the conversion. Wheelock v. Wheelwright, 5 Mass. 104, Jackson v. Innes, 231 Mass. 558, Lucas v. Trumbull, 15 Gray 306. See also Thacker v. Pray, 113 Mass. 291. The defendant could have recovered the car from the plaintiff, and on his refusal to return it could have proceeded against him in an action for conversion. Rogers v. Dutton, 182 Mass. 187, Kershaw v. Merritt, 194 Mass. 113. Since the defendant cannot be responsible for Drolet’s unauthorized acts, the finding must be for the defendant.
Finding for plaintiff to be vacated. — - Judgment to be entered for defendant.